[Elsberry v. Boykin.]

# Elsberry *v.* Boykin.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Delivery of mortgage.*—Delivery is essential to the execution and operative effect of a mortgage, as of any other conveyance of lands ; but the delivery may be manifested by either words or acts, and no particular form is necessary in either case ; and when made to a third person, for the benefit of the mortgagee or grantee, though without his knowledge, his assent and acceptance will be presumed, if it is beneficial to him, and imposes no duties or burdens on him. Hence, in this case, where the mortgagor acknowledged the deed, on the day of its date, before the probate judge, and left it with him for registration, and it was duly recorded ; *held,* that this was sufficient to perfect the delivery, although the mortgagee never had possession of the deed, and did not know of its existence until after the death of the mortgagor.

2. *Statute of limitations, and staleness, as defense to bill for foreclosure.*— When a mortgage has been delivered and duly recorded, the subsequent possession of the mortgagor is in subordination to the title of the mortgagee, unless asserted as adverse and hostile so openly and notoriously as to raise the implication of notice ; and a junior mortgagee, with full covenants of warranty, who is let into possession, can not set up the statute of limitations, or the staleness of the demand, in defense of a bill for foreclosure by the first, except under the same circumstances which would be available to the mortgagor himself.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 15th August, 1879, by Frank Boykin, against the personal representative and heirs-at-law of Ben. H. Elsberry, deceased ; and sought the foreclosure of a mortgage, a copy of which was made an exhibit to the bill, in the following words : " State of Alabama, Lowndes County. *Whereas,* I am indebted to Frank Boykin, of Wilcox, in this State, in the sum of three thousand dollars, for money loaned to me on the 1st day of November, 1866, and which is now due to him, and which I promise to pay : Now, in order to secure the payment of the said sum, I do hereby grant, bargain, sell and convey to said Boykin, the following described real estate, to-wit : the plantation on which I now reside in this county, lately bought of James Shelley, containing about five hundred acres. But this conveyance is made upon the express condition, that whenever I shall pay, or cause to be paid the said three thousand dollars, then the above conveyance shall cease and be void ; otherwise to remain in full force. Witness my hand and seal, this 16th day of October, 1867." (Signed) " B. H. ELS-

BERRY"; with the words added, "signed, sealed, and delivered;" and the certificate of the probate judge annexed, in due form, stating that the grantor acknowledged the execution of the instrument before him on the day of its date; and it was then left by him for record, and was duly recorded.

The bill alleged that this mortgage was given to secure the sum therein mentioned ($3,000), which complainant lent to said B. H. Elsberry on the 1st November, 1866, and for which said Elsberry gave his note or notes (whether one or two was not recollected), payable two years after date, with interest; that Elsberry promised, when he procured the money, that he would execute a mortgage on his plantation to secure the debt when he returned home; that complainant did not learn of the execution or existence of the mortgage until after the death of said Elsberry, which occurred in August, 1869; that the note or notes had been destroyed when the complainant's house was burned down; that the mortgage was never in the actual possession of the complainant, and that he had not been able to find it after diligent search in the office of the probate judge of Lowndes county, where it was recorded. The bill alleged, also, that on the 17th December, 1866, before the execution of said mortgage, said B. H. Elsberry conveyed said lands, by deed of gift, to his brother, A. F. Elsberry, in trust for the wife of said B H. Elsberry, and any children they might have; that this deed was duly recorded, but the trustee never accepted the trust, and never knew of its existence until after the death of the grantor; and the complainant insisted that this deed, being voluntary, and executed after the creation of his debt, was void and inoperative as to him. It was alleged, also, that said B. H. Elsberry continued in the possession of the land until his death; that he left no children, and his brothers and sisters were his heirs-at-law; that his widow continued in the possession of the land until some time in the year 1871, or 1872, when she delivered it to said A. F. Elsberry, who claimed it under some conveyance from said B. H. Elsberry, which was subsequent to the execution of the complainant's mortgage, and therefore could not affect his rights.

An answer was filed by A. F. Elsberry, denying the delivery and validity of the complainant's asserted mortgage; alleging that the money procured by said Elsberry from the complainant, if any was obtained, was intended as an advancement to said Elsberry's wife, who was the complainant's daughter, and was not a loan, and did not create a debt; that the instrument now set up as a mortgage was

[Elsberry v. Boykin.]

spread on the records " merely for the purpose of delaying creditors, and was executed, if at all, with that intent," and never had any legal operation or effect; admitting that he had no knowledge of the deed executed to him as trustee by said Elsberry, until after the death of said grantor ; admitting, also, that said Elsberry remained in the possession of said land until his death, and asserting that he always claimed it as his own, subject only to the respondent's rights under a mortgage executed to him by said B. H. Elsberry. This mortgage, which was made an exhibit to the answer, was signed by said B. H. Elsberry and wife ; was dated the 29th February, 1868, and admitted to record on the day of its date ; contained the usual covenants of warranty of title, and against incumbrances; purported to be given to secure the payment of a promissory note for $3,300, due and payable to said A. F. Elsberry, and contained a power of sale on default. The answer alleged, that the consideration of this note was money which the respondent had paid, as the surety of said B. H. Elsberry, on a guardian's bond executed in 1856; that the lands were sold under this mortgage, and bought in by the respondent: and that Mrs. Elsberry, the widow of said B. H. Elsberry, delivered the possession to him under this purchase. He also pleaded the statute of limitations of ten years, and the staleness of the complainant's demand ; and demurred to the bill, because these facts appeared on its face, and because it showed that the instrument set up in the bill as a mortgage had never been delivered. Answers were also filed by the other defendants, denying the execution and validity of the complainant's mortgage, pleading the statute of limitations of ten years, and demurring to the bill for want of equity.

The chancellor overruled the demurrer and the plea, and held the complainant entitled to relief ; citing the case of *Burt v. Cassety*, 12 Ala. 734, as conclusive on the question of delivery. From this decree the defendants appeal, and here assign it as error, together with several rulings on objections to testimony, which require no notice.

THOS. M. ARRINGTON, and THOS. H. WATTS, for appellant. Delivery is essential to the validity of a mortgage, and is as necessary as the signature of the mortgagor. There must be delivery and acceptance, or proof of facts from which the law will presume acceptance. Registration does not, of itself, operate as a delivery, nor does it supersede the necessity of proof of delivery. A delivery to the recording officer, for registration, may sometimes operate as a delivery, as between the parties themselves; but, as against third per-

sons, who have acquired an interest in the property, actual acceptance must be shown, and will not be presumed from the mere fact that the mortgage is beneficial to the mortgagee; and his subsequent acceptance will not be allowed to relate back, to the prejudice of the rights which have intervened.—Jones on Mortgages, §§ 84, 85, 539; *Fuller v. Hollis*, 57 Ala. 435; *Evans v. White*, 53 Indiana, 1; *Hawkins v. Pike*, 105 Mass. 560; *Freeman v. Peay*, 23 Ark. 439; *Bell v. Farmers' Bank*, 11 Bush, Ky. 34; *Woodbury v. Fisher*, 20 Indiana, 387; *Jackson v. Phipps*, 12 Johns. 421; *Foster v. Beardsley*, 57 Barbour, 505; *Bullard v. Hinckley*, 5 Greenl. 276; *Hoadley v. Hadley*, 48 Indiana, 452; *Thayer v. Stark*, 6 Cush. Mass. 11.

The bill, which must be presumed to state the facts as favorably for the complainant as the truth would allow, does not allege that the mortgage was ever delivered in fact: it only states facts from which the court is asked to presume delivery and acceptance, as matter of law; but neither these allegations, nor the facts proved in support of them, show such a delivery or acceptance as can prevail over the intervening rights of A. F. Elsberry, acquired in good faith, and for valuable consideration. Until there| was an actual acceptance, the instrument was a mere power, subject to be revoked by the maker; and the subsequent mortgage to A. F. Elsberry was a revocation of it.—*Ashley v. Robinson*, 29 Ala. 12; *Townsend v. Harwell*, 18 Ala. 301; *Benning v. Nelson*, 23 Ala. 801. And if there was no express revocation of it, the death of the maker operated a revocation. Besides, at the time this instrument was thus spread upon the records, the land was in the possession of Mrs. B. H. Elsberry, the wife of the grantor, holding under the deed to A. F. Elsberry as a trustee for her; and the instrument was therefore void. *Holding v. Chapman*, 60 Ala. 522; *Bernstein v. Humes*, 60 Ala. 582; *Nelson v. Dexter*, 6 Ala.

The conduct of all the parties, through a series of years, shows that no mortgage was in fact executed, or was intended or expected to be executed. The relationship of the parties would authorize the inference that the money was intended as an advancement to Mrs. Elsberry, from her father; and this inference is strengthened by the execution of the deed of trust for her benefit, a few months afterwards, and by the facts that Boykin never made any inquiry about his expected mortgage, and remained in ignorance of it until long after the death of his debtor, when his attention was first called to it by A. F. Elsberry. The bill to foreclose, setting up this instrument as a mortgage, was filed more than ten years after the accrual of the right, and after the asserted debt was barred by the statute of limitations. The mortgage

being subsequent to the execution of the deed of trust for the benefit of Mrs. Elsberry, and no fraudulent intent being alleged or proved, it can not prevail over that conveyance. A. F. Elsberry claims, on the other hand, under a mortgage in which Mrs. Elsberry joined; possession was delivered to him under his mortgage, in recognition of his rights; and his possession, with that of his grantors, has continued uninterrupted for more than twelve years. Ten years is the statutory bar to an action to recover the possession of the lands, and the same limitation must prevail in equity. The defendants invoke, also, the equitable bar applied to stale demands, which is peculiarly adapted to the facts of this case.

H. C. SEMPLE, and CLOPTON, HERBERT & CHAMBERS, *contra,* relied on the case of *Burt v. Cassety,* 12 Ala. 734, as conclusive on the question of delivery.

BRICKELL, C. J.—There are several points raised by the assignments of error, the more material of which respect the delivery of the mortgage sought to be foreclosed, and, if there was delivery, the operation of the statute of limitations on the right of foreclosure. These do not depend upon any controverted questions of fact, and are to be decided without reference to any of the evidence which was the subject of exception, either because of the incompetency of the witnesses, or upon any other ground; and if these points are resolved in favor of the appellee, it is unnecessary to pass upon any other questions.

Delivery is an incident essential to the execution of a mortgage, or other conveyance of real estate. Without it, there is no mortgage; and, generally, it is only from the delivery that it takes effect, and becomes an irrevocable conveyance, and a valid, operative security. No formality, no particular words, no certain acts, are essential to a valid delivery of a deed. The fact rests in intention, and is to be collected from all the acts and declarations of the parties, having relation to it. It may be actual, by a transfer of the conveyance, signed and attested, or acknowledged, from the manual possession of the mortgagor, to the manual possession of the mortgagee, though not a word is spoken; or, it may be by saying something, and doing nothing; as, when the mortgage, signed and attested, or acknowledged, is lying on a table, and the mortgagor should say, " There is your mortgage, " or, " There is your deed, " or, " That paper is sufficient for you; " or any other words, clearly signifying the mortgagor's intention to part with dominion over it, and to pass it to the mortgagee. Whenever there is a clear

manifestation of the intention of the grantor in a deed, in all other respects properly executed, to part with the possession and dominion of it, and to transfer it to the grantee, the delivery is complete. *In traditionibus chartarum, non quod dictum, sed quod factum est inspicitur.*—2 Greenl. Cruise, 564, title 32, ch. 2, n. 2. The delivery may be to a third person, for the grantee, and he will hold in trust for him. In this case, the deed is operative from the delivery to the third person, though it does not come the knowledge or possession of the grantee, until after the death of the grantor. *Wheelwright v. Wheelwright,* 2 Mass. 457 ; *Hatch v. Hatch,* 9 *Ib.* 307 ; *Souverby v. Arden,* 1 John. Ch. 240. And when a deed is for the benefit of the grantee, imposing on him no burdens or duties, the presumption is of his acceptance. If it is duly acknowledged and recorded, the presumption of delivery attaches, which can be repelled only by evidence of the actual dissent of the grantee.—*Warren v. Jacksonville,* 15 Ill. 236 ; *Stewart v. Redditt,* 3 Md. 67 ; *Mitchell v. Ryan,* 3 Ohio, N. S. 377.

The mortgage, on its face, purports to be *signed, sealed ,and delivered,* and on the day of its date was acknowledged before, and certified by the probate judge, by whom it was duly recorded. It never again passed into the possession of the mortgagor. There are no burdens imposed on the mortgagee—no extension of · the day of payment of the mortgage debt. Benefit only could accrue to him from its acceptance. The fair and reasonable presumption is, that when the mortgagor signed and sealed the mortgage, acknowledged its execution, and delivered it to the judge of probate, for registration, he intended to part with dominion over it, and to transfer dominion to the mortgagee, so that to him it would enure, and operate as a muniment of title, and a valid security for the debt. It is instruments perfected and consummated by signing, sealing, and delivering, which are authorized to be recorded, and not imperfect, revocable instruments. If the mortgage imposed burdens or duties on the mortgagee—if it stipulated for forbearance of the mortgage debt, or the suspension of any existing right of the mortgagee—there might be some room for insisting upon some other evidence of acceptance by the · mortgagee than is disclosed. But, when benefit only can accrue, acceptance ought to be presumed, until there is evidence of actual dissent.

The case is much stronger than that of *Garnons v. Knight,* 5 Barn. & Cress. 671, in which a mortgage was duly signed and sealed, in the absence, and without the knowledge of the mortgagee, the mortgagor saying, "I deliver this as my act

and deed," and retained possession of it. Without hesitation, the court pronounced it a valid conveyance, referring to many authorities, which support the proposition, that where an instrument is formally signed, sealed and delivered, and there is nothing to qualify the delivery but the retention of possession of it by the grantor—nothing to show that he did not intend it to operate immediately—delivery to the party who is to take by it, or to any person for his use, is not essential. Here, there is not only the signing and sealing of the mortgage, and the acknowledgment of its execution, but the delivery of it for registration as a perfected instrument— the parting wholly with possession and dominion of it. From that time, it enured and operated as a muniment of title, and a valid security to the mortgagee, though he was not informed of its existence until after the death of the mort-·gagor, unless, on being informed of it, he had unequivocally manifested his dissent from it.

2. The mortgage being duly recorded, the registration operated as notice to subsequent purchasers, or mortgagees ; and they could avail themselves of the statute of limitations as a bar to a foreclosure, only under the same circumstances, which would be available to the mortgagor. There is no room, under the facts shown, upon which the subsequent mortgagee can invoke the benefit of the statute of limitations. If the mortgagor had remained in possession, not disclaiming the title of the mortgagee—not asserting a possession inconsistent with, and hostile to that title, so openly and notoriously that knowledge of it would be imputed to the mortgagee—it could not be insisted that the possession was not subordinate to the mortgage, and that the mere delay of the mortgagee to enter, or to foreclose, would afford room for the operation of the statute. The statute operates on adverse, hostile possessions ; not on permissive possessions, in subordination to the title of the true owner. The subsequent mortgagee, purchasing with the notice which registration affords, acquired only the equity of redemption—the right and estate the mortgagor could lawfully alien and convey. To the possession he was entitled, until the senior mortgagee entered, or foreclosed. The possession was not inconsistent with, or hostile to the title of the senior mortgagee. It was in subordination to it, until there was an open, notorious disclaimer of it, and the assertion of an inconsistent hostile possession.—*Boyd v. Beck*, 29 Ala. 703.

These conclusions compel an affirmance of the decree of the chancellor, without considering the assignments of error.

STONE, J. not sitting, having been of counsel.