# Pike County v. Hanchey.

*Action on a Bond for the Hire of a County Convict.*

1. *Count in a complaint for the breach of the condition of a bond must state the condition.*—A count averring that the defendant failed and refused to pay the hire of a convict, and that such failure was a breach of the condition of the bond sued on, but not stating the condition of the bond, is demurrable.
2. *When contract and breach sufficiently shown.*—A count, setting out as an exhibit thereto the whole of the contract sued on, one of the provisions of which is the agreement to pay the plaintiff for the time of a convict, and averring that the convict, duly tried, convicted, and sentenced, was delivered to and worked by the defendant pursuant to the contract; but that defendant failed and refused to pay the hire according to the contract, sufficiently shows the condition and breach of the contract.
3. *Minutes of commissioner's court showing appointment of agent to hire convict, admissible.*—In an action by the county on a contract for the hire of a county convict, signed and executed on the part of the county by a person who purports to act as agent for that purpose, the minutes of the commissioner's court showing the authority of the agent to make the contract are competent to go to the jury.
4. *Evidence, partly illegal, properly refused.*—Evidence offered as a whole, a part of which is irrelevant, is properly refused.
5. *County the party really interested in hire of convict.*—An action on a bond for the hire of a county convict, made with an agent for the county, payable to the county, is properly brought in the name of the county as the party really interested. (Code of 1886, § 2594), and also as the payee or obligee in the contract.

[Pike County v. Hanchey.]

APPEAL from Pike Circuit Court.

Tried before Hon. W. L. PARKS, Special Judge.

The averments of the complaint are sufficiently shown by the opinion. The defendant demurred to the second count upon the ground that it attempts to show wherein the bond sued on is broken, without setting out the conditions of the bond. To the third count the defendant demurred upon the following grounds: 1st. Because it fails to show that the defendants, by themselves, or any one for them, ever entered into the bond or contract with the plaintiff or any one for plaintiff, for the hire of William E. Baker as a convict. 2d. Because it does not set out the conditions of the contract or bond sued upon. The defendants pleaded the general issue and several special pleas, setting up in various ways that the contract was not made as authorized by law, and that there was a failure of consideration, in that W. E. Baker, the convict hired by the defendant, Hanchey, was, during the term of his hire, incapacitated by reason of sickness, to perform the work for which he was hired. There was attached to the complaint a copy of a contract and bond. The contract recited that P. O. Harper, "Hard Labor Agent, duly appointed by the commissioners court acting for and in behalf and for the use of Pike county, has hired to W. E. Hanchey of the county of Pike, said State, one Wm. E. Baker, a convict, within the term covered by this contract." It was stipulated in said contract that said W. E. Hanchey "shall pay to the county of Pike the sum of four dollars per month, payable quarterly," for the hire of said Baker. By the bond, the defendants bound themselves "unto the county of Pike in said State, in the penal sum of forty-eight dollars;" and the condition of the bond was that W. E. Hanchey should pay the amount agreed to be paid by the contract for the hire of said convict, and to take care of him and provide for him as required by statute, and as specified in the bond. The contract was signed by the defendants and "P. O. Harper, Agent." On the trial of the case, the plaintiff offered in evidence the following minutes of the commissioners court of Pike county: 1st. "The State of Alabama, Pike county. Commissioners Court. Regular Term, Nov. 6th, 1893. Ordered by the court, that Judge

[Pike County v. Hanchey.]

P. O. Harper be and he is hereby re-elected hard labor agent for the county at the same salary, and upon the same terms as last year." 2d. "The State of Alabama, Pike county. Commissioners Court. Regular Term, Nov. 5th, 1894. Ordered by the court, that Judge P. O. Harper be and he is hereby continued as hard labor agent until the February term of this court; and that the contract for the hire of convicts already made remain as they are until that time, unless cancelled by the board of convict directors. It is further ordered, that said hard labor agent hire all convicts in the county as now arranged, until the February term of this court for 1895, not otherwise contracted for." These minutes of the court were offered in evidence together, and to the introduction of them the defendant objected. The court sustained the objection, and to this ruling the plaintiff duly excepted. The plaintiff offered in evidence the bond and contract upon which the suit was founded, and which were attached to the plaintiff's complaint, and marked exhibit "A." The defendant objected to the introduction of said bond and contract, but the bill of exceptions does not state any grounds for the objection. The court sustained the objection, and to this ruling the plaintiff duly excepted. There was judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

P. O. HARPER, and T. L. BARAM, for appellant, cited, *Trammell v. Lee County,* 94 Ala. 194; 3 Brick. Dig., p. 605, *sec.* 106; Code of 1886, §4598; *Ex parte White,* 81 Ala. 80.

D. A. BAKER, *contra,* cited, Acts 1892-93, 213; *State v. Metcalf,* 75 Ala. 42; *Arrington v. Morgan, Ib.* 606; Code of 1886, §4586; *Montgomery County v. Barber,* 45 Ala. 237; *Simpson v. Lauderdale County,* 56 Ala. 64.

COLEMAN, J.—This suit began in a justice's court. to recover for the hire of a county convict, which resulted in a judgment for the plaintiff. The defendant appealed to the circuit court, where the cause was tried *de novo.* In the circuit court the plaintiff filed a formal complaint, consisting of four counts, some of which are in the common form for work and labor done, and others

counted upon the breach of the bond executed by the defendant with sureties for the hire of the county convict, for the value of whose services the suit was instituted. The contract and bond sued upon is made exhibit "A" to the third and fourth counts of the complaint.

The defendant demurred to each count of the complaint, and the demurrer was sustained to the second, third and fourth counts. The several rulings of the court sustaining the demurrer to each of these counts, are separately assigned as error.

The second count avers that the defendant failed and refused to pay the hire and avers that such failure and refusal was a breach of the condition of the bond. This count nowhere states the condition of the bond. The court cannot determine from anything contained in the second count, whether there has been a breach or not. The demurrer was properly sustained.—Code, page 791.

The third count "claims damages for the breach of a contract in words and figures as set out in exhibit 'A' hereto attached, etc." It avers that Harper, whose name is signed to the contract as agent, was authorized by the court of county commissioners to make the contract for the hire of the convict; that the convict was regularly tried, convicted and sentenced, and in pursuance of the contract, was delivered to and worked by the defendant, "and that defendant failed to pay the hire, wherefore plaintiff sues, etc." It is contended that this count shows neither the condition of the agreement, nor a breach. The count sets out the whole of the contract, one of the provisions of which is the agreement to pay the county of Pike for the hire of the convict. The averment that the defendant failed and refused to pay the hire according to the said contract, certainly shows a breach of the contract, as much so as if the count *in totidem verbis* had further averred such "failure or refusal" to be a breach of the condition of the agreement. The court erred in sustaining the demurrer to the third count of the complaint.

As the case must be reversed, we will not consider the fourth count, further than to say that exhibit "A" should be made a part of said count by a more definite averment. On another trial the plaintiff can make the necessary amendment.

The minutes of the commissioners court of November

6, 1893, if offered alone, were competent evidence to go to the jury. These minutes showed the authority of the agent to make the contract. Offered in connection with the minutes of November, 1894, which were made after the termination of the term of hiring, they were irrelevant, and the two having been offered as a whole, the court did not err in sustaining an objection to the evidence.

The action was properly brought in the name of Pike county, not only because Pike county was the party really interested, and therefore the proper party plaintiff, under section 2594 of the Code of 1886, in the counts seeking a recovery for the payment of money, but by the terms of the contract Pike county is made the obligee or payee, and, therefore, entitled to maintain the action to recover damages for a breach of the agreement.

The plaintiff offered in evidence the bond and contract of the defendant. To this evidence the defendant objected, and the court sustained the objection. The objection was general, not specifying any ground. We presume the court proceeded upon the proposition, that before the bond and contract could be evidence of a valid obligation, it should appear that the commissioners court had previously "determined in what manner and upon what particular works hard labor should be performed," as provided in section 4586 of the Code of 1886.

Reversed and remanded.

