## JOHNSON v. JOHNSON.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. HUSBAND AND WIFE (§ 281*)—SUIT MONEY—RIGHT TO ALLOWANCE.

To warrant an order requiring a husband to pay to his wife money to enable her to carry on or defend an action affecting the marriage relation, necessity therefor must appear, and if she has independent means the reasonably probable claims that may be made thereon, and, under certain circumstances, the source from which they are derived, as well as the amount of her money and property, should be considered.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

2. HUSBAND AND WIFE (§ 281*)—SEPARATION AGREEMENT—RIGHT TO ALLOWANCE.

Where, in an action on a separation agreement, it appears that plaintiff wife has only $3,400, the interest on which brings her about $120 a year, and that her only other income is an allowance of $1,300 a year from her husband under the agreement, it was error to refuse her an allowance for counsel fee; it appearing that defendant husband has property worth at least $20,000 and an income of several thousand dollars yearly, and that he belongs to several clubs, dresses well, entertains, and travels extensively.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Esther Jennie Johnson against Wilbur C. Johnson on a separation agreement. From an order denying a motion for counsel fee, plaintiff appeals. Reversed, and motion granted.

See, also, 134 N. Y. Supp. 1081.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-WARD, and RICH, JJ.

E. Crosby Kindleberger, of New York City, for appellant.

Henry Smith, of New York City (James S. Darcy, of New York City, on the brief), for respondent.

BURR, J. The nature of this action is set forth in the opinion of this court upon the previous appeal. Johnson v. Johnson, 134 N. Y. Supp. 1081, decided April 24, 1912. Inasmuch as the order then reviewed, which denied plaintiff's application for a counsel fee to enable her to maintain this action, was based upon a supposed want of power, when the order was reversed the proceedings were remitted to the Special Term of this court to consider the merits. From an order denying plaintiff's application upon the merits, this appeal comes.

[1, 2] To justify a court in requiring a husband to pay to his wife a sum of money to enable her to carry on or defend an action between them affecting the marriage relation, the necessity therefor must appear. Osgood v. Osgood, 2 Paige, 621; Rose v. Rose, 11 Paige, 166; Collins v. Collins, 80 N. Y. 1; Lake v. Lake, 194 N. Y. 179, 87 N. E. 87. If a wife has money under her control which she is entitled to use for that purpose, which is sufficient to carry on or defend such action, the settled principles of equity will not permit the court to direct the husband to pay to her any further sums of money for such purpose. Lake v. Lake, supra. But the mere fact that she has some money or property under her control, even though it may be sufficient in amount to defray counsel fees if the whole were applied thereto, should not necessarily compel the denial of her application. As the granting or withholding of an order requiring payment by the husband depends upon "equitable considerations" (Collins v. Collins, supra), all the circumstances should be taken into consideration, not alone the amount of such money and property, but also the reasonably probable claims that may be made thereon, and under certain circumstances the source from which it was derived. Waterman v. Waterman, 147 App. Div. 464, 131 N. Y. Supp. 741; Earle v. Earle, 147 App. Div. 930, 132 N. Y. Supp. 569; Merritt v. Merritt, 99 N. Y. 643, 1 N. E. 605. Plaintiff avers concerning her property that of principal she has $3,000 on deposit in one savings bank and $400 in another; the greater portion of which she received from her mother's estate. Besides this she has furniture, including an old piano, worth altogether not to exceed $275 in value. Her statement that this comprises all of her property is not disputed by defendant. Her income consists of the allowance paid to her by her husband under the separation agreement which is the subject of this action, amounting to $1,300 a year. and the interests on her savings bank deposits, amounting to about $120 a year. Her statement as to the amount of her income is not disputed, except that defendant alleges that she earns some money by giving music lessons. This statement plaintiff denies. Out of her income she pays $300 a year for the rent of the apartment occupied by herself and her daughter, now about 15 years of age, the sole surviving issue of her marriage with defendant, and provides food and clothing for both. It

is not difficult to believe her statement that it is only by the strictest economy that she is able to meet her household expenses and the bills for clothing herself and her daughter.

It is apparent that without encroaching upon her principal she has no means with which to compensate her counsel, who asserts that up to this time he has been paid nothing for his services. Plaintiff asserts with regard to defendant's capital that he owns a seat upon the New York Cotton Exchange of the value of nearly $20,000, and has capital invested in his business to an amount unknown to her, and owns real estate at Ridgewood, N. J., and at Johnson Point, N. Y.; that he also owns an automobile, and a sailing yacht over 50 feet in length, which is in commission in the summer time. Defendant admits the ownership of a seat on the Cotton Exchange, but alleges that its value does not exceed $14,500. He admits that he has some capital invested in his business, but neglects to inform the court as to the amount thereof. He admits that he owns land at Johnson Point and at River Edge (not Ridgewood), N. J. He states that the latter is of small value, and that he has unsuccessfully attempted to sell it for $350; and he asserts that the land at Johnson Point is worthless. He admits that he owns and operates an automobile, and a yacht which, however, is only 36 feet long instead of 50 feet, as alleged by plaintiff. Without specifying the items, he avers that the sum total of all his possessions does not exceed in value about $20,000. With regard to his income, plaintiff asserts that his business yields him from $10,000 to $15,000 a year. Defendant denies that it equals this sum, but omits to state what his average profits from his business amount to, although he does state that in some years he does not clear the amount which he pays to plaintiff under the separation agreement. With regard to his manner of life, plaintiff asserts that defendant belongs to three clubs, dresses handsomely, entertains lavishly, travels to some extent, and in 1910 went upon a trip around the world, remaining away for about eight months, at an estimated expense of at least $6,000. Defendant, admitting membership in the clubs, asserts that the dues are small, admits that he dresses well, entertains 'and travels to some extent, but not extravagantly; and, while admitting that he did take a trip around the world, asserts that it was "partly on business," and denies that it cost him the sum stated by plaintiff. He omits to state how much he did expend on this occasion, nor is there any specific statement either as to the amount of his income or of his annual expenditures.

Under such circumstances, is plaintiff called upon to diminish the comparatively small sum which she has on deposit in the savings bank in order to pay her counsel for services rendered in this action? We think not. In view of the fact that plaintiff's principal is small in amount, and if sickness should overtake either herself or her daughter, or accident befall either, it would be doubtless necessary to make use of a portion thereof to defray expenses in connection therewith; in view of the fact that defendant's principal is concededly many times as great as that of plaintiff, taking into consideration the fact that his manner of living is much more luxurious and expensive than that pos-

sible to plaintiff and her daughter; and in view of the unsatisfactory character of his denial as to the amount of his income—we think that a case is presented where it is "necessary" that the husband should pay the wife's expenses of this litigation.

We think that the order should be reversed, with $10 costs and disbursements, and the motion granted; and, following the practice adopted in Vincent v. Vincent, 135 N. Y. Supp. 1148, decided by this court on April 24, 1912, we fix the amount of the counsel fee at $350.

THOMAS and RICH, JJ., concur. WOODWARD, J., dissents. JENKS, P. J., not voting.