# Skipper, *et al. v.* Holloway.

### *Bill to Cancel Deed as Cloud.*

#### (Decided February 11, 1915.   67 South. 991.)

1. *Deeds; Delivery; Presumption.*—The mere filing of a deed for record by the grantor is prima facie a delivery, and acceptance will be presumed if the conveyance is beneficial to the grantee.

2. *Same.*—The presumption of delivery arising from the recordation of the deed may be rebutted by satisfactory evidence that the grantor did not intend to make a delivery by filing the conveyance; delivery being a question of intention.

3. *Cancellation of Instruments; Bill; Sufficiency.*—A bill to cancel a deed as cloud upon title, averring that while the conveyance has been filed and recorded, no delivery has been made, should, where the facts showing reclamation and custody of the deed after registration are equivocal, clearly charge that the grantor neither intended nor in fact delivered the conveyance; but as against a general demurrer the bill is sufficient where it averred that no person except the grantor had any interest in the land, and that no one acquired any rights under the deed.

APPEAL from Houston Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Angeline Holloway against Georgia B. Skipper and others to cancel a deed as a cloud upon title. Decree overruling general demurrer to the bill, and respondents appeal. Affirmed.

The deed sought to be canceled as a cloud was a certain deed drafted, signed, and acknowledged and filed for record by complainant in which respondents are named as grantees. The theory of the bill is that this deed was never, in fact, delivered to the grantees so as to pass title to them, but that, recordation being in itself prima facie evidence of delivery, the deed is a cloud on complainant's title which she is entitled to have removed, and in support of this theory she alleges the following facts: That complainant is now in the

actual possession of said lands described in said deeds, and was in possession of same at the time said deed was made, and ever since said deed was signed and recorded she has been in the continuous and actual possession of said lands, and is now in the actual possession of said lands described in said deed; that no suit to test the title or otherwise to said land or any part of it is now pending in any court between complainant and any or all of respondents; that complainant has never delivered said deed to respondents or any of them, and has never delivered said deed to any person for respondents, or for any of them, but has at all times retained, been in possession of, and held said deed from the time it was signed by her until this date, except for a few days when the same was in the probate office of Houston county, Ala., for record, and no person has ever been in possession of said deed except the probate judge of Houston county, Ala., and he was only in the possession of same for the purpose of recording the same; that complainant herself sent the said deed to the said probate office for record, and the probate judge took the said deed from her for record, and handled the same as her deed for record, and returned the same to her as her deed for record; that said deed was recorded as a deed belonging to complainant, as a paper or deed delivered to the probate judge as a deed or paper belonging to complainant, and the same was returned to her as a paper belonging to complainant, and no one else, and said paper has at all times been in the actual possession of complainant as belonging to her, and at no time has been delivered to any person as a paper belonging to anybody else except complainant; that said deed, as the same is recorded in the probate office of Houston county, Ala., is a cloud upon the title of complainant,

and no person has any interest in said lands except complainant, and no person acquired any rights in said land under said deed, and the respondents and all of them acquired no rights under said deed.

F. M. GAINES, and E. S. THIGPEN, for appellant.

ESPY & FARMER, for appellee.

SOMERVILLE, J.—(1) It is thoroughly well settled in this state that the mere filing of a deed for record by the grantor is prima facie a delivery of the deed to the grantee; and, if the deed is beneficial to the grantee, and imposes no burden upon him, his acceptance is presumed, even though he had, in fact, no knowl- of the existence of the deed.—*Gulf Red Cedar Co. v. Crenshaw*, 169 Ala. 606, 53 South. 812, and cases therein cited.

(2) But the legal presumption of delivery in such a case may be defeated by competent and satisfactory evidence that the grantor did not intend by the act of filing to effectuate a delivery of the deed. Whether or not the grantor's prompt reclamation and subsequent retention of the deed in his own hands, without any recognition of its operation as a conveyance, may suffice for this purpose, has been mooted, but not determined by our decisions.

In *Elsberry v. Boykin*, 65 Ala. 336, 341, and again in *Fitzpatrick v. Brigman*, 130 Ala. 450, 456, 30 South. 502, it was said—apparently as obiter dictum in each case—that: "If it is duly acknowledged and recorded, the presumption of delivery attaches, which can be repelled only by evidence of *actual dissent of the grantee*." (Italics ours.)

In *Alexander v. Alexander*, 71 Ala. 295, 298, it was said: "The testimony equally shows that, when the deed

was acknowledged and certified, * * * the grantor took possession of it himself, sent it to the registration office, and directed that, when recorded, it should be returned to him, and it was done. If it were necessary for the decision of this case, it may present a question of grave inquiry whether this fourth fact does not overturn the prima facie presumption of delivery which would otherwise arise out of the first three enumerated facts. Does it not (unexplained so far as this record informs us) show there was, in fact, no delivery at that time?"

In *Wells v. Am. Mort. Co.*, 109 Ala. 430, 443, 20 South. 136, 141, it was said: "But when a deed is executed with all the formalities essential to perfect it, when grantor and grantee join in its execution, the grantee thereby manifesting acceptance of it, when the execution is acknowledged before an officer having authority, * * * and it is spread upon the public records as notice to all the world of its existence, if the fact of delivery be disputable, the evidence controverting it must be clear and convincing; it must appear that there was not, in fact, delivery, and that at the time of execution it was so understood."

It is observed, however, that the presence and joinder of the grantee in the execution of the deed differentiates the *Wells Case* from the others.

Finally, in *Gulf Red Cedar Co. v. Crenshaw,* 169 Ala. 606, 613-615, 53 South. 812, 814, it was said: "Of course, registration of the deed is not conclusive evidence of a delivery, and it may be refuted by other evidence. The fact of delivery rests upon intention, and is to be collected from all the acts and declarations of the parties having relation to it. * * * The fact [of the grantor's reclamation and control of the deed after registration] might afford an inference that the registra-

[Skipper, et al. v. Holloway.]

tion was not intended as a delivery, and would make it a question for the jury, in an action at law, in the ordinary case, as indicated in the quære in *Alexander v. Alexander, supra;* but this cannot be considered as an ordinary case, as the grantees were not sui juris."

(3) Conceding, without deciding, that the facts shown with respect to the grantor's registration and subsequent reclamation and custody of this deed may be sufficient to overcome the initial presumption of an intended delivery; yet, as the facts are equivocal on their face, the bill ought to clearly and directly charge the required conclusion, viz., that the grantor did not intend to deliver, and did not, in fact, deliver the deed to the grantees named.—*Norton v. Randolph,* 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129. A special demurrer pointing out this omission would doubtless have been well taken. But the equity of the bill is amply sustained by the facts recited, in connection with the allegations of paragraph 5 that the respondents acquired no rights under the deed.

The bill is one for the cancellation of a cloud on complainant's title, and not for the quieting of an adverse claim under the code proceeding.

The general demurrer was properly overruled, and the decree of the chancellor will be affirmed.

Affirmed.

. ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.  ·