(91 South. 256)

PERKINS v. PERKINS. (8 Div. 368.)

(Supreme Court of Alabama. Oct. 27, 1921.)

1. Deeds ⊚⇒54—Delivery essential.

Delivery of a deed is necessary to convey real estate.

2. Deeds ⊚⇒56(1)—Delivery can be found in words or acts of grantor.

Though delivery may be by the grantor handing the conveyance to the grantee, this is not necessary to a valid delivery, and when the grantor's acts or words, or both, clearly manifest an intended delivery, the courts will give effect to the intent and declare the deed delivered.

3. Deeds ⊚⇒56(1)—Putting deed in trunk in possession of grantee held a valid delivery.

Where a grantor made a deed to his mother, and put the deed in a pocketbook with another deed and put them in a trunk in the home of the grantor and his mother and then left home, in view of subsequent conduct and statement of both parties regarding it as a valid deed, the delivery was sufficient to pass title.

4. Appeal and error ⊚⇒1008(1)—Findings by trial judge not disturbed unless clearly wrong.

A finding of facts by a trial judge has the effect of a jury's verdict, and will not be disturbed on appeal unless clearly wrong.

5. Fraudulent conveyances ⊚⇒172(1)—Deed executed with fraudulent intent valid as between parties thereto.

A deed by defendant conveying land to plaintiff, executed to avoid a seizure of the land in a suit for damages which defendant feared would be brought against him, was valid as between the parties, regardless of Code 1907, § 4293, making void all contracts made to hinder and defraud creditors, and section 6935, making such conveyances a criminal offense.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Ejectment by Elizabeth Perkins against William B. Perkins. Judgment for the plaintiff, and defendant appeals. Affirmed.

Street & Bradford, of Guntersville, for appellant.

The deed was never delivered from appellant to appellee. 65 Ala. 336; 71 Ala. 295; 47 Neb. 399, 66 N. W. 439, 53 Am. St. Rep. 540; 4 J. J. Marsh. (Ky.) 572, 20 Am. Dec. 230; 102 Ala. 274, 14 South. 663, 48 Am. St. Rep. 37; 158 Ill. 567, 41 N. E. 1007, 49 Am. St. Rep. 176; 106 Mo. 313, 17 S. W. 319, 27 Am. St. Rep. 337; 141 Ill. 400, 30 N. E. 1041, 33 Am. St. Rep. 326. The deed from appellee was void from fraud. Section 6935, Code 1907; 71 Ala. 344; 154 Ala. 359, 45 South. 668; 107 Ala. 540, 18 South. 251; 33 Ala. 203; 61 Ala. 479; 69 Ala. 517; 188 Ala. 640, 65 South. 951; 194 Ala. 469, 69 South. 934; 119 Ala. 279, 24 South. 54, 72 Am. St. Rep. 918; 73 Ala. 200, 49 Am. Rep. 48.

John A. Lusk & Son, of Guntersville, for appellee.

The deed was not invalid as between the parties. 107 Ala. 541, 18 South. 251; 188 Ala. 640, 65 South. 951; 69 Ala. 517; 73 Ala. 200; 194 Ala. 469, 69 South. 934; 119 Ala. 279, 24 South. 54, 72 Am. St. Rep. 918. The deed was delivered. 65 Ala. 336; 191 Ala. 190, 67 South. 991; 194 Ala. 524, 70 South. 1; 87 Ala. 158, 6 South. 1; 98 Ala. 479, 13

South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; 108 Ala. 76, 19 South. 324; 122 Ala. 517, 26 South. 152; 125 Ala. 538, 28 South. 38.

MILLER, J. This is an action of ejectment by Elizabeth Perkins against William B. Perkins for possession of 160 acres of land. It was tried by the court without a jury. There was judgment in favor of plaintiff. The defendant appeals, and assigns this judgment as error.

This land and 40 acres in addition originally belonged to the plaintiff. She and her children after her husband's death were residing on it. She, fearing pressure from a creditor of her husband, conveyed the 200 acres to the defendant, her youngest son. This was in 1904. The defendant testified the consideration was his agreeing to pay a mortgage debt of $100 on the land. The deed was signed, acknowledged, and placed in a pocketbook in a trunk, in the home on this place. This was where all legal papers were kept. It was never recorded and is lost. Some years after this defendant, fearing a damage suit for seduction, reconveyed to plaintiff 160 acres of the 200 acres, the land sued for.

There are two questions presented in this case:

[1, 2] First. Was this deed of defendant to plaintiff ever delivered? The delivery of the deed is essential to convey real estate. It may be done by the grantor handing the conveyance to the grantee. This is not necessary to a valid delivery. Sometimes delivery is a question of fact to be determined from the circumstances of the transaction surrounding the parties at the time. It rests in the intention of the grantor to be determined from facts. It can be determined and is frequently manifested by his acts or words or both. When the grantor's acts or words, or both, clearly manifest an intended delivery of the deed, the courts will give effect to the intent and declare the deed delivered. Elsberry v. Boykin, 65 Ala. 336; Skipper v. Holloway, 191 Ala. 190, 67 South. 991.

[3, 4] Measured by this law, was the deed under the evidence delivered? The plaintiff and defendant talked of the execution of the deed. The mother probably suggested it. The defendant wrote it, executed and acknowledged it before an officer, and brought it to the home on this place, where he and his mother, the plaintiff, resided. He placed it in the Bible or the pocketbook in the trunk, in the home, with the other deed. The plaintiff knew it was there. The defendant then left home. This land, the home, the trunk, the Bible, and the pocketbook were in the possession of the plaintiff. The day the defendant left he told his brother-in-law that "he had made a deed back to his mother." Some time afterwards he returned home and lived with his mother on this land. There

was evidence that he tried to get her to reconvey the land to him. She declined to do so, claiming it was her land and that the other children should have a share in it as well as the defendant. One witness testified:

"Defendant said that some time when all the children were off and he could get her in a good humor he would get her to sign a deed back to him."

The defendant testified:

"I left the same day the deed was made to my mother. I left the deed to my mother I had acknowledged before Wallace Stearnes in the Bible in the trunk and went away."

The deed was never recorded. It is lost. The trial judge heard these witnesses testify. By the judgment he found that the deed was delivered. His finding of facts has the effect of a jury's verdict. It will not be disturbed by this court unless clearly wrong. From the evidence it appears to be clearly right. Thompson v. Collier, 170 Ala. 469, 54 South. 493; Finney v. Studebaker Corp. of Am., 196 Ala. 422, 72 South. 54.

[5] The second question is this: Is the deed of defendant to plaintiff void between the parties by reason of their fraudulent intent? In Baird v. Howison, 154 Ala. 359, 45 South. 668, this court said, through Justice Anderson:

"Section 2156 of the Code of 1896 [now section 4293 of the Code of 1907] pronounces void all contracts made to hinder or defraud creditors, and section 4756 [now section 6955 of the Code of 1907] makes such conveyances a criminal offense. Of course, such contracts are valid inter partes, as the parties cannot resort to law to release themselves from the result of their own misconduct."

In King v. King, 61 Ala. 479, in discussing conveyances made to hinder and defraud creditors, Chief Justice Brickell speaking for the court, wrote:

"As to the debtor instrumental in their contrivance and execution, they are as operative, as if they were not infected by fraud. He is estopped, as are his heirs, or those claiming merely in succession to him, from disputing their validity."

Justice Haralson in Glover, Adm'r, v. Walker, 107 Ala. 545, 18 South. 253, said:

"It is well settled that conveyances or gifts made to hinder, delay, or defraud creditors are valid and operative between the parties when fully consummated, and that neither party can rescind or defeat them."

This deed is an executed contract. It was fully consummated. By it the legal title passed from the defendant to the plaintiff to the land sued for and described therein. It was void as to the existing creditors of the defendant at the time of execution. As between the plaintiff and the defendant under the rules of law above declared by this court

it is valid and operative. The legal title by the deed being in the plaintiff, the court committed no error in rendering judgment in her favor for the land. Williams v. Higgins, 69 Ala. 517.

Finding no error in the record, the case is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.