(122 So. 401)

### THREADGILL v. HOME LOAN CO.
#### (6 Div. 265.)

Supreme Court of Alabama.   March 28, 1929.

Rehearing Denied May 30, 1929.

W. A. Weaver and Roy Manly, both of Birmingham, for appellant.

A. Leo Oberdorfer and Hayden & Hayden, all of Birmingham, for appellee.

SAYRE, J. Appellee's bill sought relief according to the provision of section 9905 of the Code of 1923, i. e., sought to settle the title to a parcel of land in West End, a part of the city of Birmingham, and to clear up all doubts or disputes concerning the same. In his answer and cross-bill appellant averred his purchase of the land in question from the state auditor, and claimed a lien, as provided in chapter 58 of the Code, meaning, as we are given to understand, a lien for the sums stipulated in section 3120 of the Code in the case of a purchase at private sale from the auditor of land bid in by the state at a sale for taxes, viz. (quoting from section 3120): "Not * * * less than the amount of money for which the lands were

bid in by the State, with interest thereon at the rate of ten per cent per annum from the date of sale, together with the amount of all taxes due on said lands since date of sale, with interest thereon at the rate of eight per cent per annum from maturity of such taxes." At the hearing the court decreed to cross-complainant a lien for a sum which the decree recites as "being the amount sufficient to cover and satisfy all of the claims of the State of Alabama and Jefferson County against said land for or on account of taxes, interest, fees, costs, and officers' fees, which were due upon or have accrued against, said land, as provided for in Chapter 58, Article 8 [including section 3120], Code of Alabama of 1923, as recited in the tax deed set out as an exhibit to the respondent's cross-bill, and upon which respondent relies, and whose recitals as to the amount being sufficient to cover and satisfy all of the claims of the State of Alabama and Jefferson County against said lands for or on account of taxes, interest, fees, costs and officers' fees respondent is estopped to deny."

If we understand appellant's contention on this appeal, he now seeks to hold the land in question as against the former owner, who now claims the right and title of a redemptioner, for an amount to be composed of taxes, interest, fees, etc., greater than the amount, composed of similar items, at which he purchased the land from the state auditor, on the theory that the land was worth largely more than the amount at which it had been assessed for taxes and that the former owner, who would stand in the shoes of a redemptioner, should be required to estimate, and pay, interest on the basis of such enlarged value, rather than at the value at which the land had been actually assessed for taxes. We are in agreement with the circuit judge who held that appellant was estopped to claim interest on any greater sum than that at which the property had been assessed for taxation, and in default of which the state had acquired the title which it transferred to appellant. That assessment formed a link in the chain of title acquired by the state, and so in the title acquired by appellant, and our judgment is that appellant was properly held to be estopped to impeach that title by his claim that the property should have been assessed at a larger value. There is nothing to the contrary in Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794.

Nor is appellant's claim, that he is entitled to recover the amount of a reasonable attorney's fee for services rendered by his attorney in this cause, well founded. Appellant refers to section 2312 of the Code of 1907, and the decision interpreting that section in Green v. Stephens, 198 Ala. 328, 73 So. 532, in connection with his argument for the allowance of an attorney's fee. It sufficiently answers that contention to note the fact that the statute law of this day contains no similar provision.

Appellant's brief has something to say of the specific exceptions reserved to the court's ruling on objections to evidence as if the trial had been in a law court. The proceeding is in equity. The court here judges of the relevancy and effect of evidence without reference to specific exceptions reserved in the trial court, and approves or renders such decree as in its judgment should be rendered in the premises.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.