52 So.2d 216

**CASE v. ENGLISH.**

**7 Div. 77.**

Supreme Court of Alabama.

March 29, 1951.

Rehearing Denied May 10, 1951.

John B. Isbell, Hawkins & Meadows and W. M. Beck, of Fort Payne, for appellant.

. L. L. Crawford and Scott & Dawson, of Fort Payne, for appellee.

. FOSTER, Justice..

;This is a contest of the will of Oscar V. Case, tried in the County Court of DeKalb County with a jury. There was a verdict for the proponent and the contestant brought it here by appeal.

The contestant is the nephew and only heir at law of testator. The will bequeathed all his property to the two sisters of his wife who was then dead. The wife had bequeathed all of her property to him. The assignments of error relate to incidents of the trial.

Assignments 1, 2, 3, 4, 5 and 6.

■ Before entering upon the trial, appellant proved the inability of a witness to attend on account of her physical condition. The witness was a woman within close reach of the court. The court took a recess and directed that the attorneys and court reporter repair to her residence to examine her as a witness. Appellant made objection to this procedure, but introduced her testimony so taken. Nothing in that connection appears for review.

Assignment No. 7.

It was not stated to the court what completed statement was proposed to be proven by the witness. Stallings v. State, 249 Ala. 580(3), 32 So.2d 236; Flowers v. Graves, 220 Ala. 445, 125 So. 659.

Assignment No. 10.

This assignment is obviously without merit. The answer to the question was not prejudicial.

Assignments 11, 12, 13 and 14.

■■ These assignments relate to proof by the proponent of the rendition of large judgments against testator, and that his wife, who was then living, paid an amount sufficient to have them assigned to her. There was objection on general grounds and exception noted.

The issues to be tried and the status of the interested parties and their relation to the property involved have much to do with the relevancy of the evidence. Of course it is no place to try the matter of ownership of the property. But when undue influence is an issue, evidence of matters which are material as having a tendency to create natural and legitimate influences to do what he did has an important bearing. We agree with the trial court that this evidence was competent on the question of undue influence as tending to show a natural and proper inducement to make a will to the sisters and heirs at law of his deceased wife and proper objects of his bounty.

This was not the situation which caused the exclusion of evidence in the cases of Barnett v. Freeman, 197 Ala. 142, 72 So. 395; Smith v. Smith, 174 Ala. 205, 56 So

949; Winston v. Elliott, 169 Ala. 416, 53 So. 750. We think this question is rather to be controlled by such cases as Fountain v. Brown, 38 Ala. 72; Eastis v. Montgomery, 95 Ala. 486(3), 11 So. 204; Gaither v. Phillips, 199 Ala. 689(11), 75 So. 295; Park v. Whitfield, 210 Ala. 18(1), 97 So. 68; Raney v. Raney, 216 Ala. 30(8), 112 So. 313; Little v. Sugg, 243 Ala. 196(38), 8 So.2d 866.

### Assignment No. 15.

There was no error in respect to this assignment. The answer to the question was not prejudilcial.

### Assignments 18 and 19.

 We may assume that the questions to the witness, made the basis of these assignments, were proper and that the objections should not have been sustained, but the offer made by contestant as to what he would prove in response to the questions is as follows: "That he discovered that he was not mentally himself and that in his judgment the witness would testify that Oscar V. Case was not of sound mind and not capable of making and executing a valid will." This offer was not split into parts, but the proposal was to prove by the witness that he was not of sound mind, not separated from the proposal to prove that in his opinion testator was not capable of making a valid will. "It is well settled that, on the issue as to testamentary capacity, a witness, whether expert or not, cannot testify that the testator was or was not capable of making a will, because, as it is said, this is the very issue to be submitted to the jury." Camp v. Dobson, 228 Ala. 32, 152 So. 38, 40; Councill v. Mayhew, 172 Ala. 295, 55 So. 314.

There was no reversible error in respect to those rulings made the basis of assignments 18 and 19. Louisville & Nashville R. R. Co. v. Dilburn, 178 Ala. 600(6), 59 So. 438; Holman v. Clark, 148 Ala. 286(8), 41 So. 765; Pike County v. Hanchey, 119 Ala. 36(4), 24 So. 751.

### Assignments 22 and 23.

The questions to which these assignments relate were later in substance asked again and answered, and such testimony of the witness was allowed to remain in evidence.

### Assignments 24, 25, 26 to 56.

The record shows that the court permitted proof of deeds to land to the deceased wife of testator while she was still alive and that she had bequeathed the land to testator. That substantially all his property came to him in that manner. Those objections are controlled by the same reasons and authorities which we stated in respect to assignments 11, 12, 13 and 14.

The assignments of error not discussed do not present new or controversial questions of law, and we do not think need separate treatment. We think that there was no error shown in respect to them or otherwise in the record as contended by appellant.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.