52 So.2d 218

### LOW v. LOW.
### 1 Div. 413.

Supreme Court of Alabama.
April 19, 1951.

Rehearing Denied May 10, 1951.

See also ante, p. 141, 50 So.2d 412.

538

V. R. Jansen, of Mobile, for appellant.

Chason & Stone, of Bay Minette, for appellee.

FOSTER, Justice.

The bill in this case was filed by one alleged to be in possession of land to remove an alleged cloud from his title. The cloud consists of a deed signed and acknowledged by complainant with his wife (respondent) as grantee, but alleged not to have been delivered.

A demurrer raises the contention that the bill does not allege complainant was in *peaceable* possession of the land when the bill was filed. The demurrer taking that point was properly overruled. The bill is not set up as one to quiet title under the statute but to invoke the traditional equitable power to remove a cloud from title. If complainant's claim, when the cloud is removed, is one recognized and enforceable at law, complainant must be in possession of the property when the suit is brought, for if he is not his remedy is at law. But his possession need not be peaceable. Being in possession, when his right is to have an instrument which appears to be a deed cancelled as a cloud upon his title, the essentials of his bill stated in broad terms are the existence of an instrument which appears on its face to be valid and affects his title, but which is not so on account of matter not so appearing, so that it takes evidence other than that shown by the instrument to prove its invalidity. King v. Artman, 225 Ala. 569, 144 So. 442.

This principle has application when the invalidity of the instrument consists in the failure of its delivery as a deed. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

Appellant's point is not well taken wherein he insists that the bill is defective for failure to allege that the possession of complainant was peaceable.

### Assignments 3 and 4.

These assignments go to the ruling of the court upon objection made to evidence on behalf of complainant when the complainant himself was testifying. The following appears in the record with respect to which these assignments relate. The question by complainant's counsel to complainant as a witness, "Did you have any in-

·tention of delivering the deed to her at that time or any agreement to deliver it at any future time?" Defendant's counsel objected to that question because it called for a mental operation of the witness. The court overruled the objection. The witness answered: "I did not deliver the deed." The question was again propounded in the same language and his answer was, "no, sir." Defendant's counsel moved to exclude his answer on the same ground stated in the objection.

■ We note here that exceptions are continuously stated by counsel whenever the court made unfavorable rulings on the evidence, without regard to the fact that such exceptions have no place in the trial of equity cases. Section 372(1), Title 7, Pocket Part, Code; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401.

■ The question presented is one which this Court has considered on numerous occasions. The rule is well understood to be that ordinarily one cannot prove by a witness on direct examination what was his motive, purpose or other mental operation. Armour & Co. v. Cartledge, 234 Ala. 644 (19), 176 So. 334; McGuff v. State, 248 Ala. 259, 27 So.2d 241; Ingram v. State, 252 Ala. 497, 42 So.2d 36.

■■ The question was in a double aspect and called for two distinct matters of evidence, one of which was legal and the other was not. We do not think a person has the privilege of getting illegal evidence before the court by incorporating it in the same question with an inquiry as to matter which is legal and in which the answer to both questions could be united as it was in this instance. Louisville & N. R. R. Co. v. Dilburn, 178 Ala. 600(6), 59 So. 438; Holman v. Clark, 148 Ala. 286(8), 41 So. 765; Pike County v. Hanchey, 119 Ala. 36(4), 24 So. 751. See, also, Case v. English, post, p. 555, 52 So.2d 216.

■ The important question in the case is whether or not the complainant, who was the witness testifying, acted with reference to the deed after he signed and acknowledged it as that his conduct amounted to a delivery of the deed to his wife who was then living with him as such. His intention in connection with such conduct is the ultimate inquiry to be solved. That intention is to be derived from what he said and did at the time or at some other time. Perkins v. Perkins, 206 Ala. 571, 91 So. 256; Elsberry v. Boykin, 65 Ala. 336; Skipper v. Holloway, 191 Ala. 190, 67 So. 991. But it is not permissible to prove by him on direct examination what his intention was at the time he was disposing of the deed.

■ The admission of illegal evidence over objection in equity requires a reversal, unless the remaining evidence is without conflict and sufficient to support the judgment. Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12; Schwab v. Powers, 228 Ala. 205, 153 So. 423. This is not inconsistent with the statute which requires that it is not necessary to object to illegal evidence in equity trials. The court will, without objection, only consider legal evidence, but where the trial court overrules an objection, which was made to illegal evidence, the presumption is that he considered the evidence which was illegal and the ruling is reviewable. Act of June 8, 1943, General Acts of 1943, page 105, Section 372(1), Title 7, Pocket Part, Code.

■ The evidence is conflicting as to whether the complainant delivered the deed to the respondent and his intention, accompanying his manner of disposing of the deed and handling it, goes to the very essence of the contention. We are not willing to say that the illegal evidence with respect to his undisclosed intention did not affect appellant's substantial rights under Rules of Practice in Supreme Court, Rule 45, Code 1940, Tit. 7 Appendix.

### Assignment No. 6.

■ Appellant also insists that the court committed error in excluding purported evidence to the effect that the complainant sent a telegram dated March 13, 1947, after he had knowledge of the fact that his wife had recorded the deed. The telegram was to an income tax accountant at Mobile, and contained the following words: "Tax seven dollars and fourteen cents both on state and federal." It is

claimed by appellant that this telegram means that the tax accountant in the preparation of the income tax for his wife was directed to deduct seven dollars and fourteen cents tax paid on account of the property in question. We think the telegram in that connection is ambiguous and has no such clear meaning.

### Assignment No. 13.

Appellant claims she should be allowed an amount necessary for suit money to pay her attorney in the defense of the instant suit.

In considering that question we are of course confronted with the nature of the particular suit and are led to observe that it is not one respecting the marital rights of the parties or their marital status in any respect, such as with respect to the duty of the husband to support and maintain his wife so long as that relation exists. We have no statute in Alabama which covers this particular subject. Our statutes have relation to suits involving the marital rights of the parties and even those statutes do not in terms provide for an attorney's fee. The allowance of an attorney's fee is a feature of the provision for an allowance for the support of the wife as provided in sections 30 and 31, Title 34, Code. Ex parte Austin, 245 Ala. 22, 15 So.2d 710. We have held that under those statutes an allowance for expenses of defending or prosecuting a suit exists in cases in which such allowance was made at common law. Torme v. Torme, 251 Ala. 521, 38 So.2d 497; Sims v. Sims, 253 Ala. 307, 45 So.2d 25.

We have accepted the principle in this State that, in the absence of contract, statute or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party. Penney v. Pritchard & McCall,[1] 49 So.2d 782; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A.L.R. 935; Johnson v. Gerald, 216 Ala. 581, 133 So. 447, 59 A.L.R. 348.

Since there is no statutory provision for an attorney's fee applicable to the present situation, and there is no contract between the parties whereby the husband is to make such payment for the benefit of the wife, we are remitted to the question of whether it is authorized on recognized grounds of equity. We do not seem to have a case in this State where an effort was made to have a husband provide an attorney's fee for the wife in a controversy in court between them which only affects property rights between themselves.

In the case of Johnson v. Johnson, 206 N.Y. 561, 100 N.E. 408, 410, there was a separation agreement between the husband and wife, which was the subject of that suit. It was sought to have that agreement set aside with respect to their property rights contained in it because it was alleged that the agreement was procured by fraud and duress. The jurisdiction of the court was obtained by virtue of such general powers of a court of equity to set aside an agreement for fraud and duress. The fact that the parties were husband and wife was but a circumstance influential upon the controversy as to that contention. It was not the foundation of the litigation. The Appellate Division of the Supreme Court of New York allowed an attorney's fee. 151 App.Div. 545, 136 N.Y.S. 249. On appeal to the Court of Appeals of that state the judgment was reversed, holding there was no difference so far as the equitable rights of the parties were concerned whether it be between husband and wife or parties not so related. The court observed: "I am not aware of any influential authority for the proposition that in an ordinary equity suit between wife and husband affecting property rights counsel fees should be allowed to the former during pendency of the action. Certainly no such an one has been cited."

And no such authority has been cited to us. The cases which we have been cited are manifestly different from this one. We agree with the views expressed in Johnson v. Johnson, supra, and therefore think the trial court was correct in disallowing an attorney's fee and other expenses to appellant for the defense of this suit.

---

1. Ante, p. 13.

Appellant has entered into an elaborate argument seeking to show that the conclusion reached by the trial court from the evidence taken before him on the trial was not properly supported. We do not think it is necessary to review that question at this time, since we are constrained to reverse the decree of the court for the admission of testimony which we think was illegal and also material, and which went to the very core of the controverted question. On another trial the evidence may not be the same.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.

LIVINGSTON, Chief Justice (concurring specially).

My views with reference to the questions presented by assignments 3 and 4 were expressed in the dissenting opinion of McGuff v. State, supra, where similar questions were discussed and passed on. The majority opinion in the McGuff case of course established the rule in this state in that regard. So long as my brothers are disposed to follow the McGuff case it is the law in this state.