## GREENE'S EXECUTOR *vs.* SPEER AND WIFE.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Advancements in cases of partial intestacy.*—In cases of partial intestacy,
advancements are not required to be brought into hotchpot, (Code,
§§ 1582, 1596,) to entitle the parties to share in the property undis-
posed of by the will.

APPEAL from the Probate Court of Marengo.

IN the matter of the estate of Richard Greene, deceased,
on final settlement of the accounts of Thomas J. Woolf,
the executor, and distribution of that part of the estate
which was left undisposed of by the decedent's will. The
decedent died in August, 1856, leaving a widow and six
children. By his last will and testament, which was exe-
cuted on the 14th August, 1852, and duly admitted to pro-
bate soon after his death, he gave the bulk of his estate,

which consisted of lands, slaves, money, &c., in specific legacies to his wife and children ; but died intestate as to certain personal property, which had been acccquired by him after the execution of his will, and which was sold by the executor under an order of the probate court; the proceeds of sale, after deducting the costs and expenses of administration, amounting to more than $7,000. The executor filed a petition in the probate court, alleging that the testator, after the execution of his will, had given to his daughter Julia, the wife of William S. Speer, two negroes, valued at $2,200, and $600 in money, and that this property was given to her as an advancement; and praying that Speer and wife might be required to bring this property into hotchpot, or be excluded from the distribution of the funds in his hands arising from the sale of the property undisposed of by the will. The court sustained a demurrer to this petition, and, on the final settlement, decreed to Mrs. Speer a distributive share of the funds equal to the shares of the other children. The executor excepted to this decision and decree of the court, and he now assigns the same as error.

BROOKS & GARROTT, for appellant.—Section 1582 of the Code requires, that advancements, made by an intestate in his life-time, shall be brought into hotchpot ; and section 1596 expressly provides, that, in cases of partial intestacy, " all property not disposed of, by will must be distributed as in cases of intestacy." As the legacies were specific, and could not be adeemed, the distribution could only be equalized by bringing the property into hotchpot. " A case of partial intestacy falls under the general law applicable to cases of that character, which provides for the distribution of the property not bequeathed, as if no will at all had been made."—*Bryan v. Weems*, 25 Ala. 295; *Denson v. Autrey*, 31 Ala. 205.

JNO. T. LOMAX, *contra*.—Section 1582 of the Code applies only to the estates of intestates, as is shown by the

entire chapter of which it forms a part. The statutes rela-
tive to advancements, and all the legal principles which the
courts have applied to the subject, are intended to effectu-
ate the presumed desire and intention of parents, in making
an equal and impartial distribution of their estates among
those who have equal claims on their affection and bounty.
To apply the same rule in cases of partial intestacy, instead
of equalizing the distribution, would, in most cases, create
great injustice, and violate the intention of the testator.
Whether a gift is to be considered an advancement, is a
question of intention, and depends on the circumstances
attending the transaction. The subsequent execution of a
will, without noticing such gift, is strong evidence of an
intention that the gift shall not operate as an advancement;
and equally strong evidence would be afforded, where the
gift was made after the execution of the will, if no cor-
responding change, by amendment or codicil, was made in
the will. These views are fully sustained by the follow-
ing authorities: 2 Wms. on Exrs. 1286.; 2 Lomax on Exrs.
363, 365; *Thompson v. Carmichael*, 3 Sandf. Ch. 120.;
*Newman v. Wilbourne*, 1 Hill's Ch. 10.; *Snelgrove v. Snel-*
*grove*, 4 Dess. 274 ; *Donnell v. Mateer*, 5 Iredell's Eq. 7.

STONE, J.—We have duly considered the single ques-
tion presented by the assignment of error in this case, and
are satisfied the judgment of the probate court must be
affirmed. Section 1582 of the Code, which declares the
rule for bringing advancements into hotchpot, refers alone
to estates of intestates. Looking only to this section, it
would require bold interpolation to bring under its influence
estates of testators who left portions of their estates undis-
posed of by their wills.

The argument for appellant rests mainly for its support
on section 1596 of the Code. The argument carries the
language of the statute too far. It (the statute) provides
only for " property not disposed of by the will." What
property ? Certainly, *property owned by the testator at the*
*time of his death;* not property which he had previously

given off. *This* property " must be administered and distributed as in cases of intestacy."

The doctrine of hotchpot rests, for its justification, on the presumed desire of decedents to equalize the portions of all distributees standing in the same relation to them. In cases of intestacy, it operates with justice and equality, for it bears alike on all who have been advanced. This would rarely be the case, where there is a will. In a majority of cases, parents, during their life-time, have made gifts, by way of advancement, to their older children ; and when they come to make a will, they usually attempt to make up to the children not advanced, what they, in their discretion, intend as the equivalent of the advancements previously given off. In other words, the advancements given off, and the bequests contained in the will, are, collectively, *the distribution* which the testator desires to make. Now, let it be supposed that a testator, after executing his will on the theory above supposed, should materially increase his estate by his industry, or by receiving a legacy ; and, as to such after-acquired estate, should die intestate. Would not the doctrine here contended for lead to the most shocking inequality ? And yet, in a majority of cases, this precise result would follow. Any rule we may lay down, in reference to advancements and hotchpot in cases of partial intestacy, must be uniform, and operate alike in all cases, unless the testator has given express directions to the contrary. We think a rule which should require advancements to be brought in, in cases of partial intestacy, would work much greater oppression, than to follow the letter of section 1582 of the Code, and limit the doctrine to cases of *intestacy* proper.

We have thus far considered this question on the language of the statute, and the spirit which dictated its enactment. The authorities, both English and American, fully sustain our views. Sir Wm. Grant, speaking of this doctrine, said : " I conceive, the provision in the statute of distributions applies only to the case of actual intestacy." *Walton v. Walton*, 14 Vesey, 324. Chief-Justice Ruffin,

in *Donnell v. Mateer*, (5,Iredell's Equity, 11,) said : " With respect to a personal residue, it has been always held, that it is to be divided equally amongst the next of kin, without regard to gifts, either in the life-time of the testator, or by his will." In *Thompson v. Carmichael*, (3 Sandf. Ch. 129,) it was said : " When one has advanced a part of his children, and then by will devises property to the residue, leaving other property undisposed of; it is a legal and reasonable presumption, that he intended the latter to go to both classes of his children equally, if any of it remained at his death.. As to one class, he has been his own executor; as to the other, he has by his will placed them on an equal footing with the first class." To the same effect are *Twisden v. Twisden*, 9 Vesey, 426 ; *Johnson v. Johnson*, 4 Ired. Law, 9; *Sinkler v. Sinkler*, 2 Dess. 139 ; *Snelgrove v. Snelgrove*, 4 Dess. 291 ; 2 Wms. on Exrs. 1286 ; 2 Lomax on Exrs. 355, § 15 ; *Newman v. Wilbourne*, 1 Hill's. Ch. 10..

Decree affirmed..