## CAWLFIELD ET AL. *vs.* BROWN.

[FINAL SETTLEMENT OF EXECUTOR IN PROBATE COURT, AND ORDER OF DISTRI-
BUTION OF DECEDENT'S ESTATE.]

1. *Appeal under section* 2246 *of Revised Code; what day must be excluded in estimating time for.*—The day on which a decree of the probate court was rendered must be excluded in estimating the twenty days time allowed for an appeal under section 2246 of the Revised Code.
2. *Decree of probate court; what such final decree as is governed by section* 3485 *of the Revised Code.*—An appeal from the decree of distribution by the probate court on the final settlement of an executor, &c., may be taken within the time prescribed by section 3485 of the Revised Code.
3. *Legatees; when can not be required to account for advancements.*—The legatees under a will can not be required to account for advancements upon a distribution of the estate, unless it is so required by the will.
4. *Same; what executor may retain out of legacies.*—The executor may retain out of each legacy the sums paid out by him to each legate respectively, but in ascertaining such payments he can not combine with them the amount of the advancements made in the life-time of the testator.

APPEAL from Probate Court of Jackson.
Tried before Hon. DAVID TATE.

THE opinion contains the facts material to the points decided.

WALKER & BRICKELL, for appellants.
No counsel for appellee.

Cawlfield et al. v. Brown.

PETERS, J.—The record shows that the appeal in this case is taken from a decree made on the final settlement of the accounts of the appellee, Brown, as the executor of the will of Mrs. Eliza Cox. Under the authority of the will and letters testamentary, regularly granted to him, Brown administered the estate of his testatrix until he resigned his trust as executor. On his final settlement he made distribution of the estate in his hands to those persons entitled to the same, and was discharged. The decree of the court of probate shows the final settlement, the distribution, and the discharge of the executor, Brown. This decree was rendered on the 22d day of September, 1869, and the bond for the appeal was given on the 11th day of October next following.

A motion is now made to dismiss the appeal from this court, because it was not taken within the time limited by law. And it is insisted that the appeal should have been taken "within twenty days from the time of rendering the same."—Revised Code, § 2246. In estimating the time in such a case, the day of the rendition of the decree should be excluded. This will leave but nineteen days from the date of the decree to the taking the appeal.—Rev. Code, § 14; *Bigelow v. Willson*, 1 Pick. 485. This brings the appeal within the shortest time.

But, besides, this is certainly a final judgment in the largest sense. It ends the suit and concludes the whole matter in controversy as to the executor, Brown, and the legatees, so far as they have any claim on him. This brings it into that category of cases included under section 3845 of the Revised Code.

The motion to dismiss is therefore overruled, at the costs of the appellees.

The decree of distribution on the final settlement of the executorship of Brown treats the estate of Mrs. Cox as an intestacy, in compelling the legatees to account for advancements, when this was not required by the will. After the debts of the estate are paid, the will is the law of the distribution of the estate among the legatees. Here, the testamentary disposition includes the whole estate, and this is directed to be equally divided amongst certain

36

named persons. This direction the court should have fol-
lowed in its decree. But it appears on the face of the
record that this was not done, and that certain of the lega-
tees were required to account for advancements. This
was error.

The return of advancements upon the distribution of an
estate in the probate court is only required when there is
no will. The law is in these words :

" Any estate, real or personal, which has been given by
any *intestate* in his life time, as an advancement to any
child or other lineal descendant, must be considered as a
part of the estate, so far as regards the division and distri-
bution thereof amongst his children or their descendants,
and must be taken by such child or descendants toward
his share of the estate of the deceased."—Revised Code,
§ 1898.

Without the aid of this statute, the decree of the pro-
bate court cannot be sustained. And this statute has
heretofore been held to refer alone to estates not disposed
of by will. Where there is a will, as in this instance, it
does not apply.— *Greene's Executor v. Speer and Wife,*
37 Ala. 532.

The court also erred in its decrees in ascertaining the
balance of over-payments, if any, to certain of the legatees,
by combining the advancements with the sums paid by the
executor to such legatees. The executor could retain in
his hands, on his final settlement, such sums as had been
properly paid by him to the respective distributees, out of
such distributees' individual shares ; but no judgment
could be rendered for the excess of payment in favor of the
succeeding administrator *de bonis non.—Kirksey v. Kirksey,*
41 Ala. 126 ; *Bates v. Vary,* 40 Ala. 421 ; *Teat v. Lee, Adm'r,*
5 Smith Cond. R. 359 ; 8 Port. 507. The safer course
would be to require refunding bonds, when the legacies are
paid before the final settlement.—Rev. Code, §§ 2098–2102.

Upon a proper disclosure of facts on the face of the
record, the decree of the probate court might be reversed
and corrected here, but this cannot be done without a more
precise statement of the values of the advancements de-
ducted, and the sums paid by the executor to certain of

the legatees, than appears in the transcript.—Rev. Code, § 2274.

Let the judgment of the court below be reversed, and the cause remanded.