# Lucas *v.* Stonewall Insurance Co.

## Action of Assumpsit.

1. *Pleading and practice; burden of proof when issue joined upon special replication.*—Where, in an action of assumpsit, the defendant files a special plea of set off or recoupment, and to this special plea the plaintiff only interposed a special replication in confession and avoidance, and issue was joined upon such special replication, the defendant is under no duty to offer to prove all the facts alleged in said special plea; and it is error for the court to instruct the jury that there was upon the defendant the burden of establishing by evidence the facts alleged in said special plea.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellee, the Stonewall Insurance Company against the appellant, R. D. Lucas. The defendant pleaded the general issue and two special pleas. By the third plea the defendant sought to set off or recoup the damages alleged to have been sustained by him by reason of the plaintiff failing to furnish him with advances, for which the bond sued upon was given. To this special plea the plaintiff filed the following replication: "The plaintiff for answer to plea No. 3, filed on April 15th, 1902, says that the bond sued upon in this action was a negotiable paper and governed by the commercial law and the same was transferred to plaintiff for value before maturity." Issue was joined upon this plea. The other facts of the case are sufficiently stated in the opinion.

From a judgment in favor of the plaintiff, the defendant appeals.

LACKLAND & WILSON, for appellant, cited *Lee v. DeBardelaben,* 102 Ala. 628; *Dockery v. Day,* 7 Port. 18.

W. D. DUNN, *contra*, cited *Connerly v. Ins. Co.*, 66 Ala. 432; *Harrison v. State*, 78 Ala. 6; *Reid v. Bank of Mobile*, 70 Ala. 199; *Electric Co. v. Railway Co.*, 109 Ala. 196.

TYSON, J.—The complaint as originally filed counted on a promissory note. It was subsequently amended by adding an additional count, declaring on a bond. The instrument relied upon for recovery was under seal, and the recovery had was necessarily upon the added count. To this count the defendant filed three pleas. The one numbered 3 was a special plea of set off or recoupment. To this plea, the plaintiff replied specially by way of confession and avoidance, and not otherwise. Issue was taken upon this replication; neither the sufficiency of plea 3 or the replication was questioned.

Had the plaintiff interposed a general replication by joinder of issue on the plea, undoubtedly the burden would have been upon defendant to prove the facts alleged in the plea. But having, as we have shown, only interposed a special replication, in confession and avoidance, the defendant was under no duty to offer proof of the facts alleged in his plea. The plaintiff by his replication confessed them.—*Lee v. DeBardenlaben Coal & Iron Co.*, 102 Ala. 628, and authorities there cited.

That portion of the oral charge of the court, to which an exception was reserved, imposed upon the defendant the burden of establishing by evidence the facts alleged in the plea. This was erroneous. Error being shown, we cannot affirm that it was without prejudice.

We entertain the opinion that the bond contained a waiver of exemptions as to personalty, therefore, there is no variance.

The written charge given at the request of plaintiff is not assigned as error; and those refused to the defendant are not insisted upon.

Reversed and remanded.