(92 South. 167)

## LITTLE v. ENNIS et al.  (2 Div. 773.)

(Supreme Court of Alabama.  Jan. 12, 1922.)

**1. Wills ⟨key⟩775—Husband died intestate as to property devised to wife who predeceased him.**

Where a wife died before her husband, the husband died intestate as to property devised to the wife, where neither the will nor codicil executed after the wife's death provided for the disposition of such property, if wife predeceased husband.

**2. Wills ⟨key⟩612(5)—Clause devising remainder after death of wife and children in "all my estate" held not applicable to property to which wife was given absolute title.**

Where a husband's will give his wife absolute title to certain real estate and all personal property "except the bonds and stocks hereinafter mentioned," and in subsequent clause gave her income for life from specified bonds and stocks, a subsequent item giving to the issue of testator's children after the death of his wife and children "all of my estate, real, personal, and mixed, that may be on hand at the death of the last survivor of them," *held* not applicable to the property to which the wife was given absolute title by first-mentioned clause, so as to cut down the absolute estate to a lesser one, having reference merely to the specified stocks and bonds in which she was given a life estate by the subsequent clause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estate.]

**3. Descent and distribution ⟨key⟩104 — Receipts given father by children on father's payment of specified amounts to children held not to make children liable to father's estate on his death.**

Receipts given by children to father on father's payment of specified amounts to daughter, providing that amounts received were to be deducted from their share in his estate after his death, *held* not to make the children liable to the father's estate on his death for the amount so received, but the amounts so paid by the father were mere advancements under Code 1907, § 3767, and could have been deducted from the children's share of the father's estate if he died intestate.

**4. Descent and distribution ⟨key⟩103—Payments made by father during his lifetime held not advancements within statute, though he died intestate as to some of his property.**

Payments made by father to children during his lifetime could not be deducted from the children's share of his estate as advancements under Code 1907, § 3767, where father left a will, though he died intestate as to certain property which had been devised to the mother because the mother predeceased the father.

**5. Wills ⟨key⟩761—Testator presumed to provide against advances to beneficiaries.**

The law presumes that when a person makes a will he will thereby provide against what he has or may advance the beneficiaries therein named.

**6. Wills ⟨key⟩766 — Advancements to daughter held not to operate as an ademption of bequest to daughter.**

Advancements by father to daughter, for which the daughter gave receipts that the amount received should be deducted from her share in the father's estate after his death, did not operate as an ademption, in whole or in pro tanto, of the bequest to the daughter where the bequest was not a special legacy embracing the specified thing advanced.

**7. Executors and administrators ⟨key⟩466—Executors may be compelled to make settlement in court, though relieved from so doing by will.**

Under Code 1907, § 2686, as amended by Acts 1919, p. 566, the executors may be compelled to make settlement in court, though relieved from the duty of so doing by the will.

Appeal from Circuit Court, Sumpter County; R. I. Jones, Judge.

Bill by W. L. and J. B. Ennis, as executors of the last will and testament of Robert Ennis, deceased, against Lucille E. Little and others, to interpret the will and to ascertain especially if certain items ought to be treated as advancements to Lucille E. Little and deducted from her portion of the estate, and to remove the administration from the probate to the circuit court. From a decree construing the will, and charging Lucille Little with advancements, she appeals. Affirmed in part, and reversed, rendered, and remanded.

The will referred to is as follows:

"Item Second. I give, devise and bequeath to my wife Annie E. Ennis, absolutely and in fee simple the following real and personal property, viz.: My undivided interest in the 'Artesian Hotel' property in the town of Livingston, Sumter county, Alabama, including the offices and stables on said hotel property lots; also my undivided interest in the 'Warehouse' property in said town of Livingston. Also all of my personal property of every kind and description, including my stock of goods, accounts, notes, etc., except the bonds and stocks herein after mentioned in this will.

"3. Item Third. I give, devise and bequeath to my wife for and during the period of her life, all of the balance of the real estate and all of the bonds of the United States government, the Tennessee, the mortgage bonds of the Lake Shero and Michigan Southern Railroad Company and all other bonds, and all the bank stocks that I may own at the time of my death. I give and bequeath to her absolutely the rents, income, interest and dividends which may accrue during her life on said real estate and bonds and stocks.

"4. Item Fourth. At the death of my wife, I give, devise and bequeath to my children who may be living at the time of her death, for and during their lives and to the issue of such of my children as may be dead at that time, for and during the lives of my said

living children, or the survivors of them, the real estate, bonds and stocks which I have devised and bequeathed in item three (3) of this will to my wife for her life. After the death of my wife, if any of my children should die leaving issue such issue shall take as though such child had died leaving issue before the death of my wife. The living children and the living issue of any deceased child or children herein provided for shall appropriate and use only the rents, income, interest and dividend of the property devised and bequeathed in this item, but shall not appropriate or use the corpus of said property. Should any of my children die without issue or should the issue of any deceased child die, the share of the rents, income, interest and dividends which such child or issue of such deceased child would have taken if living, shall pass under this will and be governed by its provision, to the surviving child or children, and to the issue of any deceased child or children. The issue of any deceased child shall take the same share that the child would have taken if living.

"5. Item Fifth. After the death of my wife and after the death of all of my children, I give, devise and bequeath, absolutely in fee simple, all of my estate, real, personal and mixed, that may be on hand at the death of the last survivor of them to them then living of my children, said issue to share in my estate per stirpes.

"6. Item Sixth. By the provision which I have made in item three (3), four (4), five (5) of this will, it is my purpose and intention to give my wife a life estate in the property specified in said items, and at her death to give my children who may be then living and the living issue of my deceased children, or the survivor of them, and at the death of last surviving child, or at the death of my wife, if she should survive all my children, to the then living issue of any deceased children, absolutely and in fee simple. The issue of deceased children to take per stirpes.

"7. Item Seventh. In order to preserve the corpus in my estate for the devises and legatees under the fifth (5) item of the will, I desire that, if, at any time prior to the death of my wife or the death of my last surviving child, any of the bonds referred to in item three (3) of this will shall be called in or if the bank referred to in said item shall cease to do business, the money derived from the redemption or payment or payment of said bonds and stocks or either of them, shall be re-invested in other good securities, such as may be suggested by the Union Trust Company of New York City if that Company shall then be existing. If that company is not then in existence the money shall be re-invested as may be advised by some prudent moneyed institution.

"Item Eight. I hereby appoint my wife Annie E. Ennis as executrix of this will, and as testamentary guardian for my children during their minority, and I hereby expressly relieve and exempt her from having any settlements or taking any steps or proceedings of any kind in any court in reference to my estate or the guardianship of my children after the probate of this will. I desire her to have full, entire and complete control of my estate and of my children and manage both as she sees fit except in so far as she is restrained by the provisions of this will."

The wife of the testator died in the lifetime of the testator, and he added a codicil to his will appointing W. L. Ennis and J. B. Ennis as executors, and adding other matters not here material.

The following are the exhibits:

Exhibit B.

Mobile, Ala., Nov. 16th, 1903.

For and in consideration of Robert W. Ennis having given us five thousand (5,000) dollars in cash we agree that this is to be a receipt for said amount to him to be deducted from our share of his estate after his death. We further agree to pay to Robert W. Ennis and Annie E. Ennis, his wife, one hundred and twenty (120) per annum, payable in sums of sixty (60) dollars, semiannually, the first days of July and January of each year, so long as both or either of them live; the first payment of sixty (60) dollars to be the first day of July, 1904, the payments on this to cease after the death of said Robert W. Ennis and Annie E. Ennis.                     Lucille E. Little.
                                        J. R. Little.
9 years 295 day.   Int.   1180.00.   Interest paid in full up to 1st of July, 1906.   Robt. W. Ennis, January 9, 1905.   Interest paid in full to 1st January, 1909.   Robt. W. Ennis.

Exhibit C.

January 12th, 1905.
Robert W. Ennis, Livingston, Ala.

$1,000.   Received from Robert W. Ennis one thousand (1,000) dollars cash, a gift, this amount ($1,000.00) no interest to be deducted from our share in the estate of Robert W. Ennis after his death.
                         Lucille Ennis Little.   [L. S.]
                         J. R. Little.            [L. S.]
Check on Union Trust Company, N. Y.   January 12th, 1905.
Mch. 7, 1906.   Recd. on this one hundred and twenty (120) interest.   Robt. W. Ennis.

Exhibit D.
$1,500.                     January 31st, 1905.

On demand we promise to pay to Robert W. Ennis fifteen hundred (1,500) dollars with interest at rate of 4 per cent. per annum, payable semiannually—thirty dollars first days of August and first days February each year after date.   Should the said Ennis never demand payment of the above $1,500.00, this amount, fifteen hundred dollars (no interest), to be deducted from our share in the estate of said Robert W. Ennis after his death.   No one is authorized to demand payment of this except Robert W. Ennis or his personal order.
                         Lucille Ennis Little.   [L. S.]
                         J. R. Little.            [L. S.]
No interest until 1st August.   Check on Union Trust Company of New York.   January 31, 1905.

R. B. Evins, of Greensboro, and W. W. Patton, of Livingston, for appellant.

The testator did not die intestate as to the property mentioned in item 2 of his will,

since the codicil is in itself the disposition by will of all his property. 176 Ala. 190, 57 South. 743, 42 L. R. A. (N. S.) 454; 91 N. Y. 539, 43 Am. Rep. 689. The amounts mentioned in Exhibits B, C, and D cannot be treated as advancements to Lucile Little. 37 Ala. 532; 45 Ala. 552; 40 Cyc. 1917; section 3767, Code 1907. The court should have ruled upon the cross-bill. Section 2686, Code 1907, as amended by Acts 1919, p. 56.

Thomas F. Seale, of Livingston, and Foster, Verner & Rice, of Tuscaloosa, for appellees.

The court properly treated Exhibits B, C, and D as advancements. 22 Ala. 233; 70 Ala. 484, 45 Am. Rep. 88; 140 Ala. 469, 37 South. 278. The will and the codicil must be construed together. 30 Am. Ency. 664. As to property in item 2 the testator died intestate. 82 Ala. 123, 2 South. 753; 147 Ala. 287, 39 South. 907.

ANDERSON, C. J. [1, 2] Item 2 of the will of Robert W. Ennis gives his wife the property therein mentioned absolutely, while the other items of said will deal with other property, and qualified or limited the interest of Mrs. Ennis, and provide for the use, enjoyment, and ownership of same after her death. These subsequent items have no bearing whatever upon item 2, and apply only to the property covered by item 3. True, item 5 is not expressly limited by a specific reference to item 3, but it is manifest that it does not intend to deal with property covered by item 2, or attempt to cut down the absolute estate of Mrs. Ennis to a lesser one, or to make any disposition of same after her death. But, if a doubt could arise as to the meaning of item 5, standing alone, it is removed when considered in connection with items 4 and 6, and which indicate that the testator had in mind only the property covered by item 3, and not the property previously given his wife absolutely by item 2. Mrs. Ennis having died before her husband, the testator, there was no disposition under the will of the property embraced in item 2. Nor does the codicil, executed after the death of Mrs. Ennis, make any attempt to dispose of this property, or to enlarge the other items of the will so as to include or deal with same. We therefore think that the trial court correctly held that Robert W. Ennis died intestate as to the property covered by item 2 of the will.

[3-5] We have carefully examined and considered Exhibits B, C, and D of the bill (which will be set out by the Reporter), and cannot concur in the holding of the trial court, or the suggestion of counsel for the appellees, that they evince enforceable or collectable charges in favor of the estate against Lucille E. Little. They simply indicate what would be regarded as an advancement under the statute had Robert W. Ennis died intestate (section 3767 of the Code of 1907) and which seems to be exclusive as to advancements (Malone v. Malone, 106 Ala. 567, 17 South. 676). As Robert W. Ennis did not die intestate, this statute does not apply, and there was no advancement notwithstanding he may have been intestate as to some of his property. Green v. Speer, 37 Ala. 532; Cawlfield v. Brown, 45 Ala. 552. These advances do not create or indicate a debt due or owing from Lucille E. Little which would constitute an asset of the estate. Exhibit B in no sense establishes an obligation on the part of Lucille E. Little to repay the principal to her father or any one else, and is at most a mere consent that it should be treated as an advancement in case Robert W. Ennis should die intestate. This also applies to Exhibit C. Exhibit D is not identical with Exhibits B or C, but the only obligation there indicated to repay is upon the personal demand of Robert W. Ennis, with the proviso that it should be treated as an advancement in case said Ennis never made a demand of payment. Therefore it was incumbent upon the appellees to show that their testator demanded the repayment of this amount in order to establish a collectable liability from Mrs. Little to the estate, and which was not done. These items, being nothing more than what should be regarded as advances under the statute had Mr. Ennis died intestate, cannot be charged to Mrs. Little, as her father did not die intestate. To hold that Mrs. Little should account for advances notwithstanding her father died testate would be opposed to the previous decisions of this court, and in effect make her account for advances without making the other children do so, in case they had received advancements. The law presumes that, when a person makes a will, he will thereby provide against what he has or may advance the beneficiaries therein named, and our statute with reference to advancements, and which is exclusive, is intended to apply only to the estate of an intestate.

[6] We cannot hold that these advancements operated as an ademption, in whole or pro tanto, of the bequest to Mrs. Little, as hers is not such a special legacy as to embrace or include the specific thing advanced. The only case that we have found in the Alabama Reports which refers to or has applied the rule of ademption of legacies is Gilmer v. Gilmer, 42 Ala. 9. There the bequest to Adams consisted of certain notes, including his own, and which last note the testator subsequently gave him before his death, and the court properly held that giving the note to Adams adeemed the legacy to the extent of said note.

[7] The trial court did not rule upon the relief sought by the cross-bill, and we therefore have nothing to review in this respect. It may be sufficient to suggest that, notwith-

207 ALA.—8

standing the will relieves the executors from making settlement in court, they may be compelled to do so under the Act of 1919, p. 566, amendatory of section 2686 of the Code of 1907.

The decree of the circuit court is affirmed in holding that Robert W. Ennis died intestate as to the property embraced in item 2 of the will, but is reversed in so far as it makes Lucille E. Little accountable for the sums advanced her, and as represented by Exhibits B, C, and D, and a decree is here rendered discharging her from liability for same, and the cause is remanded at the cost of the appellees.

Affirmed in part, and reversed, rendered, and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.