(97 South. 68)

PARK v. WHITFIELD et al.   (3 Div. 622.)

(Supreme Court of Alabama.   June 7, 1923.)

1. Wills ⊝164(3)—Evidence as to reasons for discrimination between children is competent on issues of undue influence and incapacity.

Where a will, dividing the property unequally between the living children and the heirs of a deceased child, was contested for want of capacity and undue influence, any evidence showing motive or reason for the inequality was relevant and competent.

2. Wills ⊝53(9), 164(3)—Question held proper as calling for proof of motive for discrimination against son.

In proceedings to contest for undue influence and incapacity a will discriminating against the heirs of a deceased son, a question as to the amount of money which testatrix had paid out for the deceased son was competent on behalf of proponents to show that the discrimination in the will merely equalized payments previously made to the deceased son.

3. Evidence ⊝474(4)—Close acquaintances can testify testatrix was woman of strong mind.

Where a will was being contested for undue influence and incapacity, witnesses who were closely acquainted with the testatrix during the last years of her life were properly permitted to state that she was a strong-willed woman, which was a statement of a collective fact known to the witnesses, subject to full opportunity by cross-examination to develop the circumstances and call out the full details of the facts.

4. Witnesses ⊝287(1)—Redirect examination as to profits of business of husband of testatrix held competent.

In proceedings to contest a will which discriminated against the heirs of a deceased son of testatrix, where the bookkeeper of a business established by the husband of testatrix, and managed after the husband's death by the son, until it became bankrupt, had been cross-examined at great length as to the indebtedness of the corporation to the husband of testatrix, and as to loans made by her to it, it was not error to permit him to be asked on redirect examination as to the profits earned by the

business during the last year of the husband's life, to show that it became insolvent under the management of the son.

**5. Wills ⬸384—Separate assignments to different charges argued as presenting one error overruled, if any charge was correct.**

Where charges separately requested by proponents and given by the court were separately assigned as error by contestant, but argued together as if presenting one error, and one of the charges was properly given, it is unnecessary to consider the other two.

**6. Wills ⬸332—Charge as to undue influence held correct.**

A charge that undue influence to vitiate a will must have been actually exercised to produce the particular will, and be operative at the very time of the execution of the will, and that the burden of proving that the influence was undue, and was operative at the time of execution and caused its execution contrary to the free and independent wishes of testatrix, was upon contestant, was correct.

**7. Wills ⬸163(1)—Contestant has burden of proving undue influence alleged by heir.**

Where contestant alleged a will was procured by undue influence, upon which allegation issue was joined, the burden of making the proof correspond to the issue presented rests on contestant.

**8. Wills ⬸329(3)—Explanatory charge as to shifting of burden of proving undue influence held to cure other charges.**

Even if a charge that the burden of proving undue influence was upon contestant requires an explanatory charge as to the shifting of the burden when certain facts are proven from which undue influence will be presumed, the giving of a subsequent charge at the request of contestant, stating certain facts hypothetically and charging that, if they were found, the law raised a presumption of undue influence and cast upon proponent the burden of showing the contrary, prevented complaint of the giving of the prior charges.

**9. Wills ⬸52(1), 163(1)—Law presumes mental capacity and freedom from undue influence.**

Where no issue as to mental incapacity was before the jury, the law presumes the capacity of testatrix to make the will, and that it was executed by her free from undue influence.

**10. Wills ⬸163(2)—Parent not presumed to be under influence of child.**

In the making of a will, a parent is presumed prima facie to be the dominant party and free from undue influence of the child, and mere proof of activity by the child in the preparation of the will, by sending for an attorney to prepare it, would not shift the burden of proof as to undue influence.

**11. Wills ⬸384—Charge as to independent advice in preparing will held favorable to contestant.**

A charge as to independent advice in the preparation of a will, which omitted the word "competent" in describing the advice, but which required proponents to show in the conjunctive that the will was the voluntary act of the mind of testatrix, and that she obtained independent advice and counsel in preparing it, placed upon proponents a higher degree or heavier burden of proof than the law required, and it was not error to give the charge at the request of proponents.

**12. Wills ⬸332—Charge requested by contestant as to undue influence held abstract and misleading.**

A charge requested by contestant that, if testatrix was given a false impression concerning persons who were the natural objects of her bounty, so that she acted upon unfounded beliefs and gave or withheld her bounty in manner different from what her action would have been except for the false beliefs, deliberately instilled to her mind for the purpose of influencing her, the will was invalid from undue influence, was abstract and misleading, where not all of the facts hypothesized in the charge could be inferred from the facts proven.

**13. Trial ⬸260(5)—Not error to refuse requested charge substantially covered by given charges.**

Under Code, § 5364, as amended by Gen. Acts 1915, p. 815, it was not error to refuse to give a charge requested by contestant, where the general oral charge and other charges requested by contestant substantially and fairly stated the same rule of law contained in the refused charge.

**14. Appeal and error ⬸1078(1)—Assignments not argued in brief are deemed waived.**

Assignments of error not argued in the brief by appellant will be considered as waived, and will not be reviewed.

Appeal from Probate Court, Montgomery County; D. W. Crosland, Judge.

Petition of Willie V. Whitfield and R. M. Vandiver, to probate the will of Sallie P. Vandiver, deceased, with contest by Clara V. Park. From a decree admitting the will to probate, contestant appeals. Affirmed.

The following are charges given at proponents' request:

"2. I charge you that the burden of proving to your reasonable satisfaction that Mrs. Sallie P. Vandiver was, when she executed the will in question, under the domination and control of Mrs. Willie V. Whitfield, or members of her family, or persons in her employ, and that said will is the result and product of undue influence exercised by them, or some of them, over the mind of the deceased, and was not the result of the exercise of the deceased's own volition, is upon the contestant, Clara V. Clark, and if she has failed to so reasonably satisfy your minds, then you must return a verdict in favor of the will and declare it to be the last will and testament of Mrs. Sallie P. Vandiver.

"3. I charge you that the law presumes that Mrs. Sallie P. Vandiver had mental capacity to make this will, and was free from undue influence, and the burden is upon the contestant, Clara V. Park, to reasonably satisfy you from the evidence in this case that Mrs. Sallie P. Vandiver was unduly influenced in making it,

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

·and if you are not so reasonably satisfied, then you must return a verdict in favor of the will, and declare it to be the last will and testament ·of Mrs. Sallie P. Vandiver, deceased."

"54. Undue influence to vitiate a will must have been actually exercised to produce the particular will, and this must be operative at the very time of the execution of the will, and the burden of proving that such influence was undue, and was operated at the time of the ex-·ecution of the will, and caused its execution ·contrary to the free and independent wishes of the testatrix, is upon the contestant, Mrs. Park, and not upon the proponents."

"40. The fact, if it be a fact, that there was a confidential relationship existing between Mrs. Vandiver and her daughter, Mrs. Whit-·field, and Mrs. Whitfield sent for the attorney who prepared Mrs. Vandiver's will, does not of itself raise any presumption of undue influence nor does it place upon Mrs. Whitfield or R. M. Vandiver, proponents of the will, the burden of ·showing that there was no undue influence.

"41. If you believe from the evidence in this ·case that at the time Mrs. Vandiver executed this will, she sought and obtained independent advice and counsel, and are reasonably satisfied from the evidence that her will was the voluntary act of her mind, then I charge you that you must find in favor of the will."

Charge A, refused to contestant, is as follows:

"If a testatrix is given a false impression ·concerning persons who are the natural objects of her bounty, so that when she comes to make her will she acts upon unfounded beliefs and gives or withholds her bounty in a manner entirely different from what her action would have been had it not been based on false beliefs and opinions deliberately instilled into her mind for the purpose of influencing her will, and if in such case the testatrix is not in position, from any cause, as sickness, age, debility, concealment of the true facts, or other reason, to judge for herself and to deliberate ·or resist the influence, and the will is the result ·of them, it is invalid from undue influence."

Charge 1, given for contestant, reads:

"If you believe from the evidence that at the time of the execution of the instrument offered for probate there existed between Mrs. Vandiver and her daughter, Mrs. Whitfield, a con-·fidential relationship, in which relationship Mrs. Vandiver reposed confidence and trust in her said daughter, that Mrs. Whitfield is a large beneficiary under her mother's will, and that Mrs. Whitfield was active in and about the preparation and execution of the will, such as the initiation of proceedings for the preparation of the will, procuring the attorney who ·drew the will, and the like, I charge you that the law raises a presumption of undue influence exercised by Mrs. Whitfield over her mother, and casts upon her the burden of ·showing that the execution of the will offered for probate was not induced by coercion or fraud on her part, directly or indirectly."

Rushton, Crenshaw & Rushton and Hill, Hill, Whiting & Thomas, all of Montgomery, for appellant.

Testimony as to advances made by testator to Henry Vandiver was aside the issue, and should not have been allowed. Schieffelin v. Schieffelin, 127 Ala. 15, 28 South. 687; Smith v. Smith, 174 Ala. 205, 56 South. 949. The testimony of witness Hoene with reference to the balance sheet of the Vandiver Grocery Company was objectionable. Bolling v. Fannin, 97 Ala. 621, 12 South. 59. Where the evidence negatives the prevalence, at the time, of dominance of the parent, and sufficient activity is shown on the part of the child, the burden shifts to the child to show the justice and fairness of the transaction. Charges 2, 3, and 54, given for proponents, were erroneous. Gibbons v. Gibbons, 205 Ala. 636, 88 South. 833; Bancroft v. Otis, 91 Ala. 291, 8 South. 286, 24 Am. St. Rep. 904. A charge ignoring the requirement that independent advice of counsel must be competent is erroneous. Holt v. Agnew, 67 Ala. 360; McQueen v. Wilson, 131 Ala. 606, 31 South. 94. Charge A, requested by contestant, should have been given. Coghill v. Kennedy, 119 Ala. 641, 24 South. 459.

Steiner, Crum & Weil, of Montgomery, for appellees.

In all transactions between parent and child, the parent is presumably the dominant party; and even activity on the part of the child in procuring the will to be written, etc., raises no presumption of undue influence. Keeble v. Underwood, 193 Ala. 586, 69 South. 473; Hawthorne v. Jenkins, 182 Ala. 255, 62 South. 505, Ann. Cas. 1915D, 707; Henry v. Hall, 106 Ala. 84, 17 South. 187, 54 Am. St. Rep. 22. Proof of independent, competent advice overcomes any presumption of undue influence that may arise from the beneficiary's conduct. Betz v. Lovell, 197 Ala. 239, 72 South. 500; Jones v. Brooks, 184 Ala. 120, 63 South. 978. The law presumes that the testatrix, in executing her will, had mental capacity and was free from undue influence; age raises no presumption to the contrary. Johnston v. Johnston, 174 Ala. 225, 57 South. 450; Barnewall v. Murrell, 108 Ala. 389, 18 South. 831; Bancroft v. Otis, 91 Ala. 290, 8 South. 286, 24 Am. St. Rep. 904; Posey v. Donaldson, 189 Ala. 366, 66 South. 662. The motives of a testatrix in making unusual gifts and the financial condition of the beneficiaries can be explained. Gaither v. Phillips, 199 Ala. 695, 75 South. 295; Posey v. Donaldson, supra. Schieffelin v. Schieffelin, 127 Ala. 36, 28 South. 687; Eastis v. Montgomery, 95 Ala. 492, 11 South. 204, 36 Am. St. Rep. 227; Little v. Ennis, 207 Ala. 111, 92 South. 167. Evidence as to testatrix's self-determination was entirely relevant. Moore .v. Spier, 80 Ala. 129; Knox v. Knox, 95 Ala. 504, 11 South. 125, 36 Am. St. Rep. 235.

MILLER, J. Mrs. Sallie P. Vandiver, the widow of W. F. Vandiver, deceased, died on

April 19, 1922, leaving a last will and testament. Two children survived her, Mrs. Willie Vandiver Whitfield and R. Merritt Vandiver, and one granddaughter, Mrs. Clara V. Park, daughter of her deceased son, Henry F. Vandiver; these three, one daughter, one son, and one granddaughter, daughter of a deceased child, constitute all and are the only heirs of the testatrix.

Mrs. Whitfield, the daughter, and R. M. Vandiver, the son of testatrix, devisees under the will, and named respectively as sole executrix and executor therein, filed petition in the probate court of Montgomery county to probate the will on May 2, 1922. Mrs. Clara Vandiver Park, the granddaughter of testatrix, filed her written contest of the probate of the instrument on May 25, 1922, setting up, first, that the paper writing was not duly executed by testatrix as a last will and testament; second, that Mrs. Sallie P. Vandiver was not of sufficient mental capacity to make a will at the time of the alleged execution of the writing propounded for probate; and, third, that this paper writing was the result of undue influence practiced on Mrs. Sallie P. Vandiver by Mrs. Willie V. Whitfield and members of her family and other persons in her employ.

After all the evidence was introduced on these issues, and after the attorneys concluded their arguments to the jury, but before the court charged the jury, the contestant by her attorney withdrew the ground of contest or plea which set up the mental incapacity of Mrs. Vandiver to make the will. This left before the jury the issues of the execution of the instrument and that of undue influence in obtaining its execution. The jury decided these issues against contestant and in favor of the validity of the will. This appeal is prosecuted by the contestant, Mrs. Park, from a decree of the probate court on the verdict of the jury admitting the instrument to probate as the last will and testament of Mrs. Sallie P. Vandiver, deceased.

Mrs. Vandiver, by this instrument, made many devises and bequests to different relatives and to others. By it she provided for an annuity of $1,800 to be paid to Mrs. Annie V. Vandiver, widow of Henry F. Vandiver, deceased, for her life or as long as she remains a widow and for Mrs. Clara V. Park, daughter of Henry F. Vandiver, deceased, to receive an annuity of $1,500 for life, with the provision that at her death, leaving issue, her children should receive $15,000, and in the event she died without issue the trust of $15,000 was devised to her daughter, Mrs. Whitfield, and her son, R. M. Vandiver. The rest and residue of her estate, real, personal, and mixed, was devised to her two children, Mrs. Whitfield and R. M. Vandiver, share and share alike.

The net value of her estate at the time of the execution of the instrument was estimated to be worth from $250,000 to $275,000 by the witnesses, and the net annual income from it was from $6,000 to $8,000, estimated. R. E. Steiner, a witness for the proponents, was asked the following question on redirect examination over contestant's objection: "Just state approximately the amount of money that Mrs. Vandiver paid out to and for Henry Vandiver." The court did not err in overruling the objections to that question.

R. E. Steiner, on direct examination, testified that he drew the will, went to Mrs. Vandiver's room alone, consulted with her in the presence of no one, received her instructions alone as to drawing the will, and followed her instructions; he was one of the subscribing witnesses to it. He testified that she signed it as her last will and testament in his presence and in the presence of the other subscribing witness, and at her request, in her presence and in the presence of each other, each witness signed it as witnesses.

[1] The contestant, on cross-examination, went into full details as to all that was said by Mrs. Vandiver to her attorney at the time she gave him instructions as to drawing the will. The proof without conflict showed the will was drawn and executed in form required by the statute. The daughter and widow of testatrix's deceased son received less of the principal of the estate under the terms of the will than her other two children; and therefore any evidence showing motive or reason for this inequality was relevant and competent under the issues of mental incapacity and undue influence.

[2] The question above quoted called for facts indicating the reason and motive of the testatrix in making the bequests unequal. The testimony of this and other witnesses showed that Mrs. Vandiver had paid out to or for her deceased son, father of Mrs. Park, over $200,000, which had never been paid back by him; and that her other children had been no expense, practically, to her. This testimony indicated the testatrix by the will was taking into consideration the advancements, amounts paid to this son, and was endeavoring to do equal justice between her children, thereby showing her mental capacity to remember, consider, decide, and divide her property justly and equitably between them at the time of the making of the will. The question called for evidence competent, relevant, and material under the issues. Little v. Ennis, 207 Ala. 111, headnote 5, 92 South. 167; Gaither v. Phillips, 199 Ala. 695, 75 South. 295; Posey v. Donaldson, 189 Ala. 368, 66 South. 662; Eastis v. Montgomery, 95 Ala. 492, 11 South. 204, 36 Am. St. Rep. 227; Schieffelin v. Schieffelin, 127 Ala. 36, 28 South. 687.

[3] H. S. Spraggins was pastor of the church of which Mrs. Vandiver was a mem-

ber for 18 months before her death, and visited her practically every day for nearly two months during her last illness; he knew her well, as she had attended his church, and he had visited her previous to this time. He, as a witness for proponents, was asked the following question: "Doctor, what would you say with respect to Mrs. Vandiver's self-determination, or self-will, or fixedness of opinion or mind?" Witness answered, "Well, I should say she was a woman of thoroughly decided character." A similar question was asked H. P. Merritt, appellate court judge, to which he replied, "I would say she was a strong-willed woman." He lived in the house with her, saw her almost daily during the last few years (three or four) of her life.

In permitting these questions to be asked and in overruling the motion to exclude the answers, there was no error committed by the court, as the issue of mental incapacity as well as undue influence was still before the jury. The witnesses were well acquainted with her before, at the time, and after the execution of the will. The question called for and the answer gave a collective fact known to the witnesses. The contestant had full opportunity by cross-examination to develop the circumstances and call out the full details of the facts known to the witness. Moore v. Spier, 80 Ala. 129, 135, headnote 8; McElhaney v. Jones, 197 Ala. 303, 309, 72 South. 531; Knox v. Knox, 95 Ala. 504, 11 South. 125, 36 Am. St. Rep. 235; Johnston v. Johnston, 174 Ala. 225, 57 South. 450.

[4] One Hoene was a witness for proponents, and the following question was asked him, over contestant's objection, on redirect examination: "Mr. Hoene, you looked over one of the trial balance sheets for the year before Mr. Vandiver's death, 1907, of the Vandiver Grocery Company—what, if anything, was the net earnings? Do you recall what the net earnings of the company were for the year 1907?" The witness answered, "Well it was between twenty-two and twenty-four thousand dollars." A motion to exclude the answer by contestant was refused. W. F. Vandiver, husband of testatrix, was the founder and manager of the Vandiver Grocery Company for several years prior to his death. Witness was bookkeeper of the corporation before and after the death of W. F. Vandiver. Henry Vandiver became general manager of the business after his father's death. In 1912 the corporation went into bankruptcy, and paid creditors about 7½ per cent. The examination of this witness on direct and cross examination took wide range and great latitude. There was evidence indicating that Henry Vandiver had used, lost, or consumed much of Mrs. Vandiver's money in this business. The contestant developed on cross-examination of witness that the corporation owed W. F. Vandiver

about $100,000 at his death. "At the time of Mr. Vandiver's death, I think the overdraft of the grocery company at the bank was around eighty or ninety thousand dollars." W. F. Vandiver individually was responsible for the overdrafts of the corporation under the tendency of the evidence. In the light of the cross-examination of this witness, the court properly permitted that question to be asked, and did not err in refusing motion to exclude the answer, as it tended to show whether the corporation was solvent or insolvent, its real condition at the death of W. F. Vandiver, whether it was insolvent then or became insolvent afterwards under the management of Henry Vandiver, and the necessity for his borrowing and using money afterwards of his mother in the business. This evidence was not erroneous in the light of the cross-examination of this witness.

[5] The court gave, at the request of proponents, written charges numbered 2, 3, and 54. They were separately requested by them, separately given by the court, and separately assigned as errors by contestant, but they are argued in bulk, together, as if presenting one error. If one was properly given by the court it is unnecessary for us to consider the other two, in view of the manner of their treatment in brief and argument by appellant. Montgomery v. Moon, 208 Ala. 472, 94 South. 337, headnote 3.

[6] This court has passed on and pronounced good a charge similar to No. 54. It is a substantial copy of charge 16 in Knox v. Knox, 95 Ala. 500, 504, 11 South. 125, 36 Am. St. Rep. 235, which was approved by the court in that case.

[7-9] Charge 2 follows the averments of the issue of undue influence as presented by contestant in plea 3, on which issue was joined, and this places the burden of proving it on contestant. The proof should correspond to the issue presented, and the burden of making it rests on contestant, who asserts the facts in the plea. Givens v. Tidmore, 8 Ala. 745, headnote 4; 6 Michie Dig. (Evidence, Burden of Proof) p. 63, § 62. The court did not err under that issue in giving this charge. True, this and the other two charges may have called for an explanatory charge as to the shifting of the burden of proof onto proponents under the issue, when certain facts are proven by contestant from which undue influence will be presumed. This explanatory charge was requested by the contestant and was given by the court, whether correctly or not in this case we need not decide. It is numbered 1. Keeble v. Underwood, 193 Ala. 582, 69 South. 473. After this charge (No. 1) was given by the court contestant could not complain at the prior giving by the court of charges 2, 3, and 54. The burden of proof was clearly given to the jury by the court in its oral

charge. Section 5364, Code 1907, as amended Gen. Acts 1915, p. 815. When charge 3 was given by the court, the plea of mental incapacity had been withdrawn by contestant, and no issue thereof being before the jury, the law presumes the mental capacity of testatrix to make the will existed, and that it was made by her, free from undue influence. The burden of making proof of undue influence, or of facts from which undue influence would be presumed to exist, rested on contestant. There was no error in giving charge 3 under the issues before the jury. Lucas v. Stonewall Ins. Co., 139 Ala. 487, 36 South. 40, and authorities supra.

[10] Written charge No. 40 was requested by proponents and was given by the court to the jury. The relationship between parent and child is confidential; the child under the will of the parent is the natural donee; and in the making of a will the parent is presumed, prima facie, to be the dominant party and free from undue influence of the child. Proof of this relationship, parent and child, and proof of activity on the part of the child, Mrs. Whitfield, in the preparation of the will by sending for an attorney who prepared the will, would not shift the burden of proof as to undue influence. From this alone the jury or court could not conclude or presume that the child, Mrs. Whitfield, was the dominant party in the making of the will. The court, under the rule declared in Keeble v. Underwood, 193 Ala. 582, headnote 2, 69 South. 483, did not err in giving this charge numbered 40.

[11] The court at the request of proponents gave written charge No. 41. It is true this charge leaves out the word "competent" in describing "the independent advice and counsel" obtained; however, it required the proponents to show to the reasonable satisfaction of the jury by evidence that testatrix's will was the voluntary act of her mind, and in addition thereto that she obtained and sought independent advice and counsel. This charge was in the conjunctive and not disjunctive. By this charge the proponents assumed and were carrying a higher degree or heavier burden of proof than the law required. The court did not err in giving it. Betz v. Lovell, 197 Ala. 239, headnote 3, 72 South. 500; Jones v. Brooks, 184 Ala. 115, headnote 4, 63 South. 978.

The same principle of law is correctly and clearly stated in the court's oral charge to the jury. Section 5364, amended Gen. Acts 1915, p. 815.

[12] Written charge lettered A was requested by the contestant and refused by the court. It is true this charge was approved in Coghill v. Kennedy, 119 Ala. 641, 646, (charge K, p. 666, 24 South. 459, 471). The court held and said: "Nor was there error in giving instruction K." It was no doubt proper to give it in that case; but it was not error to refuse it in this case. It is abstract; it is not supported by the evidence or reasonable inferences that may be drawn by the jury from proven facts in all of its statements; and it is calculated to mislead the jury. All the facts hypothesized in this charge could not be inferred from facts proven. The court did not err in refusing it. Cummings v. McDonnell, 189 Ala. 96, 104, headnote 5, 66 South. 717; Lockridge v. Brown, 184 Ala. 106, 114, headnote 4, 63 South. 524.

[13] Written charges 1, 3, and charge lettered by us B, requested by contestant and given by the court, and the general oral charge of the court state substantially and fairly the same rule of law contained in this refused charge A; for this reason the court did not err in refusing it. Section 5364, as amended Gen. Acts 1915, p. 815.

[14] These are the errors assigned, treated, and insisted upon in brief of appellant. There are other assignments of error, but they are not argued in brief by appellant. They will be considered by us as waived, and we will not review them. Kenan v. Lindsay, 127 Ala. 270, headnote 2, 28 South. 570.

The record is free from error, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.